## State v. Riley
*[Cite as 7 AOA 553]*

Case No. CA90-04-032
Clermont County, (12th)
Decided September 24, 1990

*Donald W. White, Clermont County Prosecuting Attorney, David H. Hoffmann, 123 N. Third Street, Batavia, Ohio 45103, for Plaintiff-Appellant.*

*D. Vincent Faris, Walker, Bradford & Hill, 40 S. Third Street, Batavia, Ohio 45103, for Defendant-Appellee.*

*Per Curiam.*

Plaintiff-appellant, the state of Ohio, appeals the dismissal of drug abuse charges against defendant-appellee, Danny Riley.

On November 17, 1989, an Ohio State Highway Patrolman stopped appellee's vehicle and conducted a search of appellee's person which produced two vials. At that time, appellee was charged with DUI, possession of marijuana, and failing to drive within marked lanes.

On November 22, 1989, appellant performed a lab analysis of the items confiscated from appellee. The prosecuting attorney neither notified appellee that the test was to be conducted nor informed him that a sample could not be preserved for independent analysis by appellee. The entire substance was consumed during the analysis which disclosed the presence of marijuana and cocaine. Appellee was subsequently indicted on November 29, 1989, on two counts of drug abuse in violation of R.C. 2925.11.

On December 22, 1989, appellee filed a motion requesting the preservation of a portion of the substance for an independent analysis to be performed by an analyst of appellee's choice. After appellee filed the motion, the prosecuting attorney learned that the alleged contraband substance had been totally consumed during appellant's testing process and no sample was provided to appellee. Subsequently, appellee filed a motion to dismiss the indictment based upon appellant's failure to adhere to R.C. 2925.51. The trial court granted appellee's motion and appellant now appeals, raising a single assignment of error which reads, as follows:

"Assignment of Error No. 1.
"THE TRIAL COURT ERRED BY SUSTAINING DEFENDANT-APPELLEE'S MOTION TO DISMISS."

R.C. 2925.51(E) provides that any individual accused of a violation of R.C. Chapter 2925 is entitled, upon proper written request, to have a portion of the substance forming the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused. If a sample cannot be preserved, the accused is entitled to have his private analyst present at the state's analysis. *Id.*

In *State v. Godby* (Feb. 27, 1984), Warren App. No. CA83-05-029, unreported, this court held that under R.C. 2925.51(E), the state should refrain from conducting an analysis of a suspected controlled substance without affording the accused an opportunity to have his own analyst present when only a meager quantity of the suspected substance is available for analysis and such analysis would consume the entire amount, thereby depriving the accused of the opportunity to conduct his own independent analysis. In *State v. Smallwood* (Jan. 25, 1988), Clermont App. No. CA87-08-066, unreported, we extended *Godby* to situations such as the case at bar so as to include those *suspected* of committing an offense within the ambit of R.C. 2925.51 as well as those formerly charged with an offense. The *Smallwood* decision also affirmed the dismissal of the indictment as a proper remedy for a violation of R.C. 2925.51(E).

Our prior decisions in *Godby* and *Smallwood* are dispositive of the case at bar and we find that the trial court did not err in dismissing the indictment against appellee. Accordingly, appel-lant's assignment of error is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.