JOURNAL ENTRY and OPINION
{¶ 1} A jury found appellant, Allen Robinson ("Robinson"), guilty of possession of drugs when the police officers discovered a suspected crack pipe concealed in the belt loop of his pants. At trial, the state presented testimony from two police officers: one who observed Robinson acting as the middleman for a suspected drug transaction in a high-crime area and another who stopped Robinson, conducted a pat-down, and discovered the alleged crack pipe on his person. The state also presented testimony from a forensic laboratory technician who tested the residue contained in the alleged crack pipe and found that it tested positive for cocaine. Robinson now appeals, citing three assignments of error. For the following reasons, we reverse and remand for further proceedings.
 {¶ 2} Robinson presents three assignments of error;[1] however, because this court's analysis of the second assignment of error is dispositive of the appeal, it need be the only assignment of error addressed. In his second assignment of error, Robinson argues that the trial court erred in denying his request for an independent laboratory test of the alleged cocaine. Specifically, Robinson contends that the trial court denied him due process and the right to a fair trial when it superimposed a requirement that he provide a "particular reason" for the independent laboratory analysis. Robinson's contention is well-taken.
 {¶ 3} Traditionally, the common-law rule that, "absent a statute or rule of court providing otherwise, a defendant in a criminal case does not have a right of access to information or evidence in the possession of the prosecution" has fallen to a general trend among the state courts toward the expansion of criminal discovery. See Annotation, Right of Accused in State Courts to Have Expert Inspect, Examine, or Test Physical Evidence in Possession of Prosecution — Modern Cases (1984), 27 A.L.R.4th 1188, Section 2a. Now, the general rule followed by a number of courts is that "in the absence of a statute or court rule giving a defendant the right to pretrial discovery of the prosecution's evidence, the allowance or denial of such discovery rests within the trial court's discretion." Id.
 {¶ 4} The Ohio legislature, in 1976, enacted such a statute. R.C.2925.51(E) provides as follows:
 {¶ 5} "Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is, or of each of the substances that are, the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if the accused is indigent, by a qualified laboratory analyst appointed by the court. Such portion shall be a representative sample of the entire substance that is, or of each of the substances that are, the basis of the alleged violation and shall be of sufficient size, in the opinion of the court, to permit the accused's analyst to make a thorough scientific analysis concerning the identity of the substance or substances. The prosecuting attorney shall provide the accused's analyst with the sample portion at least fourteen days prior to trial, unless the trial is to be held in a court not of record or unless the accused person is charged with a minor misdemeanor, in which case the prosecuting attorney shall provide the accused's analyst with the sample portion at least three days prior to trial. If the prosecuting attorney determines that such a sample portion cannot be preserved and given to the accused's analyst, the prosecuting attorney shall so inform the accused person or his attorney. In such a circumstance, the accused person is entitled, upon written request made to the prosecuting attorney, to have the accused's privately employed or court appointed analyst present at an analysis of the substance that is, or the substances that are, the basis of the alleged violation, and, upon further written request, to receive copies of all recorded scientific data that result from the analysis and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the identity of the substance or substances subject to the analysis." (Emphasis added.)
 {¶ 6} Here, Robinson complied with the requirements of R.C. 2925.51(E) when he filed, at least one month prior to trial, a motion to preserve and produce substance for independent laboratory analysis at state expense. There is nothing in the record before this court that demonstrates that the state, in accordance with R.C. 2925.51(E), answered Robinson, provided Robinson's analyst with a sample of the residue, or indicated to Robinson that a portion of the residue could not be preserved.
 {¶ 7} Instead, the trial court, on the date of trial, denied Robinson's motion for an independent laboratory analysis, stating as follows:
 {¶ 8} "And I told you what you had to do is go over there and personally visit the lab and look at the results, tell me what's wrong with them, what they've done wrong, or come up with some specifics that you'd like that they didn't do or have some particular problem with their analysis, and that we would make that available to you. Because if you set the precedent, that independent analysis on every case, it's gonna' cost the county a million dollars in time, and I can't waste a million dollars of the county funds like that.
 {¶ 9} "There has to be a particular reason. There has to be some reasoning other than just an automatic filing of the motion. Otherwise, it would be part — you would put it on the word processor and everyone would just do it and we'd have to just — we'd create a new cottage industry of experts."
 {¶ 10} Without any basis in the statute or surrounding case law, the trial court was simply grandstanding when it denied the motion on the invented notion that Robinson failed to provide a particular reason for requesting an independent analysis. No such requirement exists; in fact, the statute specifically provides that Robinson "is entitled" to such independent laboratory analysis as long as he followed the mandates of R.C. 2925.51(E).
 {¶ 11} Most of the case law addressing R.C. 2925.51(E) involves the particular situation where the state fails — either intentionally or negligently — to preserve a portion of the sample for testing by the accused's own independent analyst. In those instances, especially where the accused can show a due process violation, Ohio courts have dismissed the indictment. State v. Riley (1990), 69 Ohio App.3d 509,591 N.E.2d 263, paragraph 2 of syllabus (holding that "[t]he failure of the state to preserve a portion of an alleged controlled substance for the accused's independent analysis warrants the court's dismissal of an indictment for drug abuse"); State v. Zarbaugh (Aug. 10, 1993), Licking App. No. 92-CA-122 (holding that despite the lack of bad faith on the part of the state, the state's failure to provide a sample deprived defendant of his Sixth Amendment right of confrontation); cf. State v. Johnson,
Cuyahoga App. No. 82527, 2003-Ohio-4569 (holding that, in the absence of a due process violation, it was error for the trial court to dismiss the indictment); State v. Woods (Jan. 26, 1998), Stark App. No. 1997 CA 00124 (holding that a state's failure to preserve crack cocaine was not a due process violation where the crack cocaine was stolen from the police department).
 {¶ 12} In the instant matter, Robinson was never afforded the courtesy of the state's response to his motion to produce and preserve the residue allegedly found in the suspected crack pipe. There is no way for this court to determine whether the residue has been preserved by the state. More importantly, however, when the trial court arbitrarily required Robinson to show a "particular need" for the independent laboratory analysis, it effectively denied his due process right to a fair trial and his right to confrontation on the charge of possession of drugs. Because the trial court placed an unnecessary and unfounded prerequisite upon Robinson for an independent laboratory analysis, Robinson's conviction for possession of drugs is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Blackmon, A.J., Concurs.
 Cooney, J., Concurs in judgment only.
[1] Robinson's first and third assignments of error provide, respectively, as follows: (1) "Trial counsel was ineffective for failing to file a motion to suppress the alleged crack pipe when the pipe was seized in violation of the Fourth Amendment to the United States Constitution"; and (2) "The government failed to present sufficient evidence to prove that the appellant knowingly possessed cocaine where the alleged cocaine was mere residue."