JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the sentences he received after pleading guilty to involuntary manslaughter and robbery.
 {¶ 2} On April 6, 2003, defendant and a co-defendant beat fifteen-year-old Anderson Lauderdale to death. Both men were originally indicted on one count each of aggravated murder with prior calculation and design (R.C. 2903.01); aggravated murder with a felony murder specification (R.C. 2903.01); murder with a felony murder specification (R.C. 2903.02); and aggravated robbery (R.C. 2911.01).
 {¶ 3} In November 2003, the state and defendant reached a plea agreement in which defendant agreed to enter a guilty plea to an amended two-count indictment: involuntary manslaughter in violation of R.C. 2903.04(A) and robbery in violation of R.C.2911.21(A)(2). Defendant was sentenced to the maximum ten years for the involuntary manslaughter and two years for the robbery. The two terms were run consecutively for a total of twelve years incarceration. Following his sentencing, defendant filed this timely appeal, in which he presents one assignment of error:
THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM AND CONSECUTIVE SENTENCE UPON A FIRST TIME OFFENDER WITHOUT COMPLYING WITH THE REQUISITES OF R.C. 2929.14, THUS IMPOSING A SENTENCE UNAUTHORIZED BY LAW.
 {¶ 4} Defendant argues that his sentences must be vacated because the trial court failed to make the findings required by R.C. 2929.14 before it imposed maximum and consecutive terms of incarceration. We disagree.
 {¶ 5} R.C. 2953.08(D), states:
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to2929.06 of the Revised Code is not subject to review under this section.[1]
 {¶ 6} Under the statute, "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." State v. Porterfield,106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, syllabus; State v.Sherman, Cuyahoga App. No. 84301, 2004-Ohio-6636, ¶ 10.
 {¶ 7} As this court recently stated:
where a defendant specifically agrees to accept the maximum sentence, he has essentially conceded that the wrongful conduct at issue satisfies the statutory requirements for imposing the longest prison term, which negates the `category finding' requirement of R.C. 2929.14(C). To do otherwise would be a vain act. Under these circumstances, we conclude that [the defendant] waived his right to both a record `category finding' and the reasons for the `category finding' under R.C. 2929.14(C).
State v. Abney, Cuyahoga App. No. 84190, 2006-Ohio-273, ¶ 10, citing State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592, 2001 Ohio App. LEXIS 81, *9.
 {¶ 8} During sentencing in the case at bar, the trial court and defendant engaged in the following colloquy:
THE COURT: Now, having alerted you to what the maximum sentences are for these two new crimes we're talking about here today, I need to pull back and say oh, but Mr. Hammond through his lawyers through the state of Ohio have arranged an agreed sentence.
Now, an agreed sentence is recognized in the law books as the ability to decide what the sentence is going to be in years and how it's going to be served.
And it's my understanding that this is not only a 12 year sentence in prison, it's a 12 year mandatory sentence in prison. That's the agreement.
It's also my understanding that Mr. Rukovena doesn't care how the 12 years is divided between the two felonies, and it's my understanding that the defendant through his counsel would prefer that it be divided up the maximum ten year sentence on the involuntary manslaughter and the minimum two years sentence on the robbery.
Do I have that correct?
MR. GILBERT: Yes.
MR. FRIEDMAN: Correct.
THE COURT: So let's talk about if Mr. Hammond pleads guilty to these two new charges, involuntary manslaughter and the robbery, that when the Court sentences him, should I approve the agreed sentence, that the agreed sentence as you folks have developed it with Mr. Rukovena and Mr. Cahill for the State of Ohio, would be that you be sentenced to a ten year mandatory prison sentence on the involuntary manslaughter and a consecutive, meaning to follow after the ten year sentence, a consecutive two year sentence on that robbery charge.
Understood?
THE DEFENDANT: Yes, your Honor.
THE COURT: That would be the total that you've agreed to of 12 years in prison and a mandatory prison sentence.
From that you will still get day for day credit for all the time you spent in county jail since your arrest on or about April 6th of this year when this event happened.
* * *
So an agreed sentence has the advantage that you avoid a worse sentence, right?
THE DEFENDANT: Yes, your Honor.
THE COURT: I mean if all you did you was plead guilty to these crimes, how many years could I sentence you to?
THE DEFENDANT: 18.
THE COURT: 18. So that agreed sentence says you agree to serve 12 years. It's a mandatory sentence; you agreed to serve it, and you're not eligible for any kind of early release.
You're also not eligible to appeal your sentence. Under certain circumstances people who are sentenced by Common Pleas Court on a felony have the power to take their sentence to the Court of Appeals and appeal it to see if the judge sentenced them properly and so forth.
When you agree to a sentence, you don't have a right to appeal; that's what the statute says, because it says you agreed to it.
Understood?
THE DEFENDANT: Yes, your Honor.
* * *
THE COURT: I am going to approve the agreed sentence reached between the State of Ohio and Mr. Hammond and consistent with the parties' intention, I am going to sentence Mr. Hammond to a maximum sentence of ten years on amended count four, the involuntary manslaughter, felony of the first degree.
I'm going to sentence him to a term on amended count three, robbery, second degree felony to two years in the Lorain Correctional Institution. I'll be journalizing that these are mandatory sentences and it is part of an agreed sentence and therefore Mr. Hammond is not eligible for other early release programs.
Tr. 223-226, 236.[2]
 {¶ 9} From this sentencing transcript, there is no question that not only did defendant, a first-time offender, agree to the sentences he received, he also agreed to forego any appeal of those sentences. The transcript further demonstrates that defendant and the state jointly recommended the sentences imposed by the trial court.
 {¶ 10} As we noted above, a sentence jointly recommended by both the defendant and the prosecution and imposed by the sentencing court is not subject to review "if the sentence is authorized by law." R.C. 2953.08(D). This court has previously explained: "A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense." State v.Kimbrough, 2000 Ohio App. LEXIS 769, *10, citing State v.Henderson, 1999 Ohio App. LEXIS 4597, *4; also followed byState v. McCladdie, 2003-Ohio-1726, ¶ 29; State v. Krupa,
2003-Ohio-3554, ¶ 15; State v. Yeager, 2004-Ohio-3640, ¶ 21.
 {¶ 11} In this case, involuntary manslaughter is a first degree felony. The sentencing range for a felony of the first degree is three to ten years. R.C. 2929.14(A). Defendant's ten-year sentence equaled the maximum; it did not exceed the maximum. The ten-year sentence, therefore, is authorized by law.
 {¶ 12} Robbery is a second degree felony which warrants a sentence between two and eight years. R.C. 2929.14(A)(2). The trial court imposed the minimum two-year term for defendant's robbery conviction. That term, therefore, is also authorized by law.
 {¶ 13} Defendant argues, however, that even though he agreed to the sentences he received, those sentences are, nonetheless, not authorized by law. Specifically, defendant argues that, because R.C. 2953.08(A) requires statutory findings for maximum and consecutive sentences, R.C. 2953.08(D), which requires that the agreed sentence be authorized by law, "is inapplicable since maximum and consecutive sentences imposed without the statutory required findings are in fact not "authorized by law." Defendant's Brief on Appeal, 10.
 {¶ 14} Recently, the Supreme Court of Ohio, in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, held that the statutes requiring findings for maximum and consecutive sentences are unconstitutional. As a result, sentencing courts are no longer required to provide findings and reasons for imposing these sentences. The failure to provide such findings in the case at bar, therefore, could not cause the sentence to be other than "authorized by law." Accordingly, there is no conflict on this matter between R.C. 2953.08(A) and R.C. 2953.08(D).
 {¶ 15} For the foregoing reasons, we conclude that defendant's sentences are not subject to review. Defendant's sole assignment of error is overruled.
Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Blackmon, J., concur.
[1] We further note the distinction between a jointly recommended sentence and a sentence merely recommended by either the state or the defendant. See, State v. Price, Franklin App. No. 03AP-459, 2004-Ohio-1223, ¶ 11 (A jointly recommended sentence, authorized by law, is not subject to appellate review pursuant to R.C. 2953.08(D). Alternatively, a sentence, authorized by law, but recommended by only one of the parties does not fall under the statute and is, therefore, subject to appellate review).
[2] The trial court's sentencing journal entry mirrors what occurred at the sentencing hearing:
11/10/2003 11/17/2003 D DEFENDANT IN COURT WITH COUNSEL TERRY GILBERT AND GORDON FRIEDMAN. PROSECUTING ATTORNEYS GEORGE RUKOVENA AND TOM CAHILL PRESENT. DEFENDANT WAS ADVISED OF ALL CONSTITUTIONAL RIGHTS AND PENALTIES. ON RECOMMENDATION OF THE PROSECUTOR COUNT THREE AMENDED TO READ ROBBERY R.C. 2911.02 (A) (2) F-2 AND COUNT FOUR AMENDED TO READ INVOLUNTARY MANSLAUGHTER R.C. 2903.04 (A) F-1. FIREARM SPECIFICATIONS ARE DELETED FOR COUNTS 3 AND 4. DEFENDANT WAIVES ANY AND ALL DEFECTS IN NOTICE AND SERVICE AS TO THE INDICTMENT'S AMENDMENT PROCESS IN COUNTS THREE AND FOUR. STATE OF OHIO AND DEFENDANT AGREE TO MANDATORY PRISON TERM OF 12 YEARS. DEFENDANT RETRACTS FORMER PLEA OF NOT GUILTY AND ENTERS A PLEA OF GUILTY TO ROBBERY R.C. 2911.02 (A) (2) F-2 SENATE BILL TWO, AS AMENDED IN COUNT THREE; INVOLUNTARY MANSLAUGHTER R.C. 2903.04 (A) F-1 SENATE BILL TWO, AS AMENDED IN COUNT FOUR. COURT FINDS DEFENDANT GUILTY. REMAINING COUNTS ARE NOLLED. DEFENDANT, PROSECUTORS RUKOVENA AND CAHILL AND MOTHER OF VICTIM ADDRESS THE COURT. THE COURT CONSIDERED ALL OF THE REQUIRED FACTORS OF THE LAW. THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSES OF R.C. 2929.11. THE COURT APPROVES THE PARTIES AGREED SENTENCE AND IMPOSES A PRISON TERM AT LORAIN CORRECTIONAL INSTITUTION OF TWO YEARS ON COUNT THREE AND TEN YEARS ON COUNT FOUR, COUNTS TO RUN CONSECUTIVE TO EACH OTHER FOR AN AGREED MANDATORY TIME OF 12 YEARS NET. DEFENDANT TO RECEIVE 219 DAYS JAIL TIME CREDIT, TO DATE. POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR THE MAXIMUM PERIOD ALLOWED FOR THE ABOVE FELONY (S) UNDER R.C. 2967.28. DEFENDANT IS TO PAY COURT COSTS. DEFENDANT REMANDED FOR TRANSPORT. CORRECTED ENTRY NOTES OF SLP 11/12/03: CHANGED TO INVOLUNTARY MANSLAUGHTER. CORRECTED ENTRY NOTES OF DXM 11/13/03 (CHANGED WORDING PER JUDGE) AND ADDED REMAINING COUNTS ARE NOLLED. SLP 11/13/03 14:09.