OPINION
{¶ 1} The defendant-appellant, Michael Ray Giesey ("Giesey"), appeals the Judgment of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio and filed on June 9, 2006.
 {¶ 2} On the evening of February 4, 2006, Giesey was drinking with a friend at a bar in Fostoria, Ohio. He admitted he was under the influence of alcohol when he left the bar to drive to Findlay. He was driving west on State Route 12 when he crossed the centerline and crashed head on into a minivan traveling east. The minivan was being driven by Richard Fruth with two passengers, Mr. Fruth's son, Joe and another boy, Joshua Cantu. Giesey and the three occupants of the minivan were injured. Richard Fruth suffered multiple broken ribs, a broken shoulder, and a torn rotator cuff. His son, Joe, experienced a broken wrist and neck and back injuries. Joshua Cantu was scarred with a head injury that required thirty stitches. Giesey's blood was tested as part of his medical treatment and the blood was found to have a plasma alcohol level of .293.
 {¶ 3} On March 7, 2006, Giesey was indicted by the Hancock County Grand Jury on three counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), felonies of the third degree. On May 31, 2006, Giesey entered guilty pleas to all three counts of the indictment. The parties jointly recommended the imposition of a three-year term for each offense to be served concurrently. The trial court found the joint recommendation sentence to be reasonable and imposed the three-year prison term. In addition, the trial court suspended his operator's license for eight years.
 {¶ 4} On June 27, 2006, Giesey filed a notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE TRIAL COURT ERRED WHEN IT SENTENCED MR. GIESEY TO SERVE A PRISON TERM THAT EXCEEDED MINIMUM, CONCURRENT TERMS OF INCARCERATION, IN CONTRAVENTION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 Assignment of Error 2 TRIAL COUNSEL RENDERED CONSTITUTIONALLY DEFICIENT AND PREJUDICIAL PERFORMANCE WHEN HE AGREED TO THE IMPOSITION OF A PRISON TERM THAT EXCEEDED MINIMUM, CONCURRENT TERMS OF INCARCERATION, IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 5} Giesey alleges in his first assignment of error that the trial court erred in sentencing him to three years in prison instead of the statutory minimum sentence of one year. He contends that R.C. 2953.08(D) does not apply because the first prong of the statutory test is not met. Specifically, he argues that his sentence was not "authorized by law." In addition, he asserts that the State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, remedy cannot be applied to his case because the "remedy" is unconstitutional and it directly conflicts with the Ohio Legislature's intent in enacting Senate Bill 2.
 {¶ 6} Numerous appellate courts have addressed the Supreme Court of Ohio decision in State v. Foster, as applied to jointly recommended sentences. See State v. Hammond, 8th Dist. No. 86192,2006-Ohio-1570; State v. Covington, 5th Dist. No. CT2005-0038, 2006-Ohio-2700; State v. Byer, 7th Dist. No. 05 CA 827, 2006-Ohio 3093; State v. Jackson, 8th
Dist. 86506, 2006-Ohio-3165; State v. Davis, 2nd Dist. No. 21047, 2006-Ohio-4005; State v. Simmons, 1st Dist. No. C-050817, 2006-Ohio-5760. The Supreme Court of Ohio's recent decision inFoster does not change the application of R.C. 2953.08(D). InFoster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void. In severing some of the sentencing statutes, the Supreme Court of Ohio left the range of sentences authorized by law unchanged. Thus, concluding that any sentence imposed upon an offender within the statutory range remains a sentence authorized by law.
 {¶ 7} Pursuant to R.C. 2953.08(D)(1),
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 8} In State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, the Ohio Supreme Court held that pursuant to R.C. 2953.08(D), a sentence is not subject to review when the sentence is authorized by law, jointly recommended by the parties, and imposed by the sentencing judge. The Ohio Supreme Court reasons, "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." Id. at 10.
 {¶ 9} "Under the statute, `[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.'" Hammond, at ¶ 6; quotingPorterfield at the syllabus. As set forth in the above mentioned statute, a jointly recommended sentence is not subject to review "if the sentence is authorized by law." "Authorized by law" under R.C. 2953.08(D) means that the sentence falls within the statutorily set range of available sentences. State v. Gray, Belmont App. No. 02 BA 26, 2003-Ohio-805. A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense. State v. Ranta, Cuyahoga App. No. 84976, 2005-Ohio-3692.
 {¶ 10} Giesey entered guilty pleas to three counts of aggravated vehicular assault, felonies of the third degree. Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one of the following:
 * * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 * * *
Giesey could have been sentenced to as few as one year or as much as fifteen years for the counts that he pled guilty to. In this case, Giesey was sentenced to three years, which falls within the statutory range. Therefore, the sentence the trial court imposed fell within the statutory range and was authorized by law. Since Giesey's sentence was jointly recommended, authorized by law, and imposed by the sentencing judge, he cannot appeal his sentence.
 {¶ 11} Furthermore, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Giesey's arguments that his sentence violates the Ex Post Facto Clause and his Due Process rights. Giesey entered a plea of guilty on May 31, 2006 following the Supreme Court of Ohio's decision inFoster on February 27, 2006. The parties jointly agreed to the imposition of a three year term to be served concurrently. He then filed a notice of appeal with this Court. The sentencing range for his felonies has remained unchanged, so Giesey had notice of the potential sentence for his offenses. Therefore, we find Giesey's first assignment of error is overruled.
 {¶ 12} Giesey asserts in his second assignment of error that he was denied effective assistance of counsel. Specifically, he claims that counsel should have raised the Ex Post Facto and Due Process issues at the sentencing hearing and requested the trial court sentence him to a minimum and concurrent prison term for his offenses.
 {¶ 13} In order to prevail on a claim of ineffective assistance of counsel, Giesey must establish both of the following:
 1. Trial counsel made errors so serious he was no longer functioning as counsel in the manner guaranteed by the Sixth Amendment; and
 2. There is the reasonable probability that were it not for trial counsel's errors, the results of the trial would have been different.
See Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley
(1989), 42 Ohio St.3d 136. Thus, under this standard, Giesey must show that his counsel's performance fell below an objective standard of reasonable representation and that prejudice arose from that deficient performance. Bradley, 42 Ohio St.3d at 142. Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (Dec. 13, 1989), Montgomery App. No. 10564.
 {¶ 14} In this case, the record establishes that trial counsel worked to negotiate a resolution of the three charges of aggravated vehicular assault against Giesey. His counsel had full discovery including all police reports, witness statements, photographs of the crash scene and photographs of the injuries to the three victims. Giesey only had limited recollection of the incident. Therefore, trial counsel determined a jury trial was not in Giesey's best interest but rather an agreed upon sentence would be. If the sentence had not been jointly recommended by the State and defendant, the trial court could have imposed a sentence of up to fifteen years in prison.
 {¶ 15} Upon review of the record, it is our conclusion that the record in this case does not establish that Giesey's counsel provided ineffective assistance of counsel. Rather, the assertions of ineffective assistance of counsel revealed tactical or strategic trial decisions. As such, the actions taken by Giesey's counsel do not fall below an objective standard of reasonable representation. Nor, in this case, did they create any reasonable probability of a different outcome. Moreover, tactical or strategic trial decisions, even if ultimately unsuccessful, will not substantiate a claim of effective assistance of counsel.State v. Garrett (1991), 76 Ohio App.3d 57, 61.
 {¶ 16} In addition, Giesey argues that his first assignment of error should be incorporated within the second assignment of error to establish that trial counsel failed to raise an issue under Blakely v.Washington, 542 U.S. 296, 124 S.Ct. 2531, and United States v.Booker, 543 U.S. 220, 125 S.Ct. 738, challenging the trial court's imposition of prison terms that exceeded minimum, concurrent prison terms. As stated previously, the Foster remedy does not violate the Ex Post Facto or Due Process Clause of the Constitution; therefore, Giesey's counsel was not ineffective in failing to raise the objection in the trial court. A trial court is obligated to follow the dictates of the Supreme Court of Ohio. Therefore, Giesey's counsel did not err in negotiating a jointly recommended sentence of three years which fell within the statutory range of one to fifteen years. Therefore, Giesey's second assignment of error is overruled.
 {¶ 17} Accordingly, Giesey's first and second assignments of error are overruled and the judgment of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio is affirmed.
Judgment affirmed.
 ROGERS and WALTERS, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)