OPINION
{¶ 1} Defendant-Appellant Christopher Glenn ("Glenn") appeals from the October 30, 2006 Judgment of the Court of Common Pleas of Allen County, Ohio sentencing him to five years in prison for his conviction of Possession of Crack Cocaine, a felony of the second degree, in violation of Ohio Revised Code Section 2925.11(A)(C)(4)(d).
 {¶ 2} On August 5, 2006 Glenn's vehicle was stopped for a speeding violation. Once Glenn was stopped, the officers ran a check of his license plate and discovered a warrant for Glenn's arrest. Based on the warrant, Glenn was arrested and transported to the Lima Police Department. At the Police Department, Glenn was taken into a holding cell for booking, where a property search was performed. As the arresting officer was patting Glenn down to assure that all property had been removed from his person, a bag of crack cocaine fell from Glenn's shorts to the floor.
 {¶ 3} On August 30, 2006 Glenn was indicted by the Allen County Grand Jury on one count of Possession of Crack Cocaine in violation of R.C.2925.11(A) (C)(4)(d). Glenn was arraigned and pled not guilty on September 7, 2006.
 {¶ 4} On October 27, 2006 Glenn appeared in the trial court and waived the right to a jury trial. A bench trial was held on October 30, 2006. On the same day, the trial court issued a verdict finding Glenn guilty of Possession of Crack Cocaine and proceeded directly to sentencing. The court sentenced Glenn to a term of five years in prison. *Page 3 
 {¶ 5} Glenn now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR I THE COURT DENIED THE DEFENDANT OF HIS RIGHTS TO DUE PROCESS AND COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT BY DENYING VIA NEGLECT, THE DEFENDANT'S MOTIONS PRESERVING HIS RIGHTS AS AN ACCUSED IN A DRUG POSSESSION CASE PURSUANT TO OHIO REVISED CODE SECTION 2925.51(E) (F).
 ASSIGNMENT OF ERROR II THE DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL IN THAT DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE AND HIS CONDUCT SO UNDERMINED THE PROPER FUNCTIONING OF THE ADVERSARIAL PROCESS THAT THE TRIAL CANNOT BE RELIED ON AS HAVING PRODUCED A JUST RESULT.
 {¶ 6} In his first assignment of error, Glenn claims that he was denied due process because the trial court denied his rights pursuant to R.C. 2925.51. Revised Code 2925.51 provides, in relevant part:
 (E) Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is, or of each of the substances that are, the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if the accused is indigent, by a qualified laboratory analyst appointed by the court. Such portion shall be a representative sample of the entire substance that is, or of each of the substances that are, the basis of the alleged violation and shall be of sufficient size, in the opinion of the court, to permit the accused's analyst to make a thorough scientific analysis concerning the identity of the substance or substances. The prosecuting attorney shall provide the accused's analyst with the sample portion at least fourteen days prior to trial, unless the trial is to be held in a court not of record or unless the accused person is charged with a minor misdemeanor, in which case the prosecuting attorney *Page 4 shall provide the accused's analyst with the sample portion at least three days prior to trial. If the prosecuting attorney determines that such a sample portion cannot be preserved and given to the accused's analyst, the prosecuting attorney shall so inform the accused person or his attorney. In such a circumstance, the accused person is entitled, upon written request made to the prosecuting attorney, to have the accused's privately employed or court appointed analyst present at an analysis of the substance that is, or the substances that are, the basis of the alleged violation, and, upon further written request, to receive copies of all recorded scientific data that result from the analysis and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the identity of the substance or substances subject to the analysis.
 (F) In addition to the rights provided under division (E) of this section, any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code that involves a bulk amount of a controlled substance, or any multiple thereof, or who is accused of a violation of section 2925.11 of the Revised Code. . . is entitled, upon written request made to the prosecuting attorney, to have a laboratory analyst of the accused's choice, or, if the accused is indigent, a qualified laboratory analyst appointed by the court present at a measurement or weighing of the substance that is the basis of the alleged violation. Also, the accused person is entitled, upon further written request, to receive copies of all recorded scientific data that result from the measurement or weighing and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the weight, volume, or number of unit doses of the substance subject to the measurement or weighing.
Glenn filed an Initial Pretrial Discovery Motion on September 15, 2006. A section of the motion discussed Glenn's demands made pursuant to R.C.2925.51 requesting that the prosecution present the testimony of the scientist who prepared the laboratory report, that Glenn receive a copy of all lab reports, that a sample of the cocaine be preserved for independent testing and finally, a defense demand to be present at all subsequent testing. *Page 5 
 {¶ 7} After filing this motion, Glenn did not contact the State to designate an analyst, or move the court for the appointment of an analyst. This Court has previously noted that R.C. 2925.51 does not provide that the substance be turned over to a defendant or his counsel directly, but rather "merely provides that it be preserved for the benefit of an independent analysis." State v. Wright (October 30, 1981), 3rd Dist. No. 1-81-11. The evidence in the present case was adequately preserved to allow for independent testing. The crack cocaine was introduced at trial as Exhibit 1, and identified by the forensic scientist from the Bureau of Criminal Identification and Investigation who performed the identification and analysis of the crack cocaine.
 {¶ 8} In Wright, this Court further observed that there was no indication in the record that the evidence was not preserved to allow for testing by the defendant. However, this Court also noted that the defendant never provided the name of an analyst to whom the substance would be delivered and who would perform the testing. InWright, as in the present case, the defendant failed to follow through with the request for independent testing of a sample. Although Glenn properly moved for testing and a sample was preserved, nothing in the record indicates Glenn designated an analyst to receive the sample, perform, or witness the analysis, nor does anything indicate that Glenn followed up his original motion by requesting the sample from the prosecutor's office or through a motion to the court. *Page 6 
 {¶ 9} Courts have traditionally found a denial of a defendant's due process rights under R.C. 2925.51 where none of the substance in question was preserved for testing, or where the trial court specifically denied the motion for independent testing. State v.Riley (1990), 69 Ohio App.3d 509 (the failure of the State to preserve a portion of a substance for testing, where the entire substance was consumed conducting the State's test, amounted to a violation of defendant's rights under R.C. 2925.51); State v. Robinson, 8th Dist. No. 84930, 2005-Ohio-1988 (the trial court denied the specific motion for independent testing, requiring the defendant to prove a particular reason for his request pursuant to R.C.2925.51). However, neither of the scenarios apply in the present case, where a sample was properly preserved but Glenn failed to designate an analyst or specifically move the court for the release of the sample prior to trial. Accordingly, Glenn's first assignment of error is overruled.
 {¶ 10} In his second assignment of error, Glenn claims that his trial counsel was ineffective by failing to secure independent drug analysis pursuant to R.C. 2925.51. Specifically, Glenn argues that his counsel should have taken steps toward obtaining an independent expert to analyze the cocaine.
 {¶ 11} To demonstrate ineffective assistance of counsel, the burden is on the criminal defendant to "show that counsel's performance was deficient." Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 674. The Ohio Supreme Court has adopted the two part test articulated in Strickland for demonstrating *Page 7 
ineffective assistance of counsel. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 12} In order to prevail on a claim of ineffective assistance of counsel, an appellant must first show "that counsel's representation fell below an objective standard of reasonableness." State v.Bradley (1989), 42 Ohio St.3d at 142, citing Strickland,466 U.S. at 687-688. In Strickland, the Court noted that scrutiny of counsel's performance is to be "highly deferential." Strickland, 466 U.S. at 689.
 A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation. . .
State v. Bradley (1989), 42 Ohio St.3d at 142. "Ohio licensed attorneys are presumed competent in their representation of a defendant's interests." State v. Richardson, 3rd Dist. No. 13-06-21,2007-Ohio-115, citing State v. Hoffman (1988), 129 Ohio App.3d 403, 407,717 N.E.2d 1149. It is important to note that "the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance," when determining whether conduct fell below the objective standard of reasonableness. State v. Giesey, 3rd Dist. No. 5-06-31, 2006-Ohio-6851.
 {¶ 13} Second, to demonstrate ineffective assistance of counsel, a defendant must show that not only was counsel ineffective, but that prejudice resulted from counsel's conduct. Prejudice results where "there is a reasonable probability that, but for counsel's *Page 8 
unprofessional errors, the result of the proceeding would have been different." Bradley, 42 Ohio St.3d at142 citing Strickland,466 U.S. at 691. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Bradley, 42 Ohio St.3d at 142;Strickland, 466 U.S. at 694.
 {¶ 14} In its brief, the State posits several possible tactical strategies for counsel's failure to follow through on Glenn's R.C.2925.51 motion, including a finding that independent testing was unnecessary once counsel received the State's analysis, a decision that independent analysis was not cost effective, and also a decision that it would be more damaging to Glenn to have an independent analysis that agrees with that of the State's expert. These are all plausible reasons why trial counsel could have chosen not to follow up on the R.C. 2925.51
demands. "[T]actical or strategic trial decisions, even if ultimately unsuccessful, will not substantiate a claim of effective assistance of counsel." State v. Giesey, 3rd Dist. No. 5-06-31.
 {¶ 15} Further, even if we indulge the presumption that defense counsel was ineffective, Glenn can show no prejudice resulting from counsel's failure to follow through on his initial R.C. 2925.51 demand. Here, Matthew Congleton, a forensic scientist with the Bureau of Identification and Investigation, designated as an expert by the trial court, testified as to the analysis he performed, and his conclusions. Congleton was also able to address Glenn's concerns that individually bagged pieces of crack *Page 9 
cocaine had been consolidated for weighing purposes, somehow resulting in a possible mixture of crack cocaine and something else.
 {¶ 16} Based on Congleton's testimony, the trial court found that the analysis performed at BCI I was sufficient to prove that the entire substance in Glenn's possession was actually crack cocaine and that no contamination resulted from mixing the separately bagged pieces of crack cocaine. As a result of Congleton's testimony, it is highly unlikely that an independent analysis of the crack cocaine found on Glenn would have influenced the outcome of the case.
 {¶ 17} Accordingly, Glenn's second assignment of error is overruled. The October 30, 2006 Judgment of the Allen County Court of Common Pleas sentencing Glenn to five years in prison for his conviction of Possession of Crack Cocaine is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1