OPINION *Page 2 
{¶ 1} Defendant-Appellant Bonny Joseph Antony ("Antony") appeals from the December 14, 2006 Judgment Entry of Sentencing of the Court of Common Pleas of Hardin County, Ohio sentencing him to 45 days in jail, for his conviction of Importuning, a felony of the fifth degree, in violation of Ohio Revised Code Section 2907.07, Attempted Sexual Conduct with a Minor, a felony of the fourth degree, in violation of R.C.2923.02(A) and 2907.04, and Possession of Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24.
 {¶ 2} This matter stems from a series of internet conversations beginning on May 20, 2006 between Antony and a girl he believed to be Tiffany McCarthy. These conversations occurred in a Yahoo chat room. Tiffany McCarthy (herein after referred to as "Tiffany") was, in fact, a persona created by Patrolman Ricky Dean McGinnis of the Ada Village Police Department. Patrolman McGinnis created Tiffany as part of an investigation targeting internet predators.
 {¶ 3} Both Antony and Tiffany have profiles on the social networking website, MySpace, and Tiffany also had a profile on Yahoo. Tiffany's MySpace profile stated that she was a fifteen year-old girl from Ada, Ohio. There is a picture posted on Tiffany's MySpace page, created by Patrolman McGinnis, of an eighteen year old criminal justice student at Ohio Northern University, used with her permission. The same picture is posted on Tiffany's Yahoo profile. *Page 3 
 {¶ 4} Antony and Tiffany first met in a chat room on Yahoo Messenger Service, which allowed the parties to talk back and forth over the internet. Patrolman McGinnis chatted as Tiffany under the name "tiffany_mccarthy012" and Antony referred to himself as "coolguy7374." The first conversation between Antony and Tiffany occurred on May 20, 2006. During that conversation, Tiffany revealed that she was fifteen years-old. When asked, Antony stated that he was 26, and quickly re-stated that he was 27. Actually, Antony is thirty-seven. Antony and Tiffany exchanged personal information about friends and family before he inquired if she had a webcam. Soon after, Tiffany signed off for the day.
 {¶ 5} The next conversation occurred on May 27, 2006, and was initiated by Antony. It was very brief and Tiffany quickly left the chat. However, on May 28, 2006 Antony and Tiffany engaged in a longer chat. Antony initiated the conversation and asked if Tiffany's mother would be working and out of the house that evening. He also stated that he was "planning to come to you and have some wine coolers." Tr.p. 58. Quickly, the conversations between Anthony and Tiffany turned sexual in nature, with Anthony initiating the discussion of those topics.
 {¶ 6} As the conversation progressed, Antony made plans to visit Tiffany that evening. In furtherance of those plans, he took her address and the phone number of a neighbor's house that Tiffany stated she would call from. He also gave her his number, so that she could call him to let him know when he could come in from Akron. *Page 4 
 {¶ 7} Later in the day, Patrolman McGinnis had a female 911 operator contact Antony. During the call Antony asked "can I come pick you up and we go to and pick up some coolers?" Tiffany replied that he could come pick her up. Subsequently, Antony stated that he would be at Tiffany's in two and a half hours.
 {¶ 8} At around 7:45 p.m. on May 28, Antony showed up at what he believed to be Tiffany's home. Antony was invited into the residence and immediately taken into custody. Upon arrest, Antony immediately stated that he was there to meet a female and that she was twenty-one. When Antony arrived he had a box of condoms in his car.
 {¶ 9} On May 30, 2006 a complaint was filed in Hardin County Municipal Court charging Antony with Importuning and Unlawful Sexual Conduct with a Minor. Antony was arraigned on May 30, 2006 and bond was set in the amount of $2,500. On June 6, 2006 Antony was bound over to the Court of Common Pleas.
 {¶ 10} Antony was indicted on July 6, 2006 on one count of Importuning in violation of Ohio Revised Code Section 2907.07, one count of Attempted Sexual Conduct with a Minor in violation of Ohio Revised Code Section 2923.02(A) and 2907.04, and one count of Possession of Criminal Tools, a violation of Ohio Revised Code Section 2923.24. On August 1, 2006, Antony was arraigned on the charges contained in the indictment and entered a plea of not guilty to each charge.
 {¶ 11} This matter proceeded to a jury trial held on November 2-3, 2006. The jury returned a verdict of guilty on November 3, 2006. On December 14, 2006, Antony was *Page 5 
sentenced to 45 days in jail, five years community control, and a five hundred dollar fine for the charge of Importuning, a felony of the fifth degree, in violation of R.C. 2907.07(D)(2); five years community control and a five hundred dollar fine for the charge of Attempted Unlawful Sexual Conduct with a Minor, a felony of the fourth degree in violation of R.C. 2923.02(A) and R.C. 2907.04(A), (B)(3); and five years community control and a five hundred dollar fine for the charge of Possession of Criminal Tools, a felony of the fifth degree in violation of R.C.2923.24. Antony was also classified a sexually oriented offender and apprised of his registration requirements.
 {¶ 12} Antony now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR I APPELLANT'S CONVICTION FOR IMPORTUNING, ATTEMPTED SEXUAL CONDUCT WITH A MINOR AND POSSESSION OF CRIMINAL TOOLS WAS AGAINST THE WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II APPELLANT'S CONVICTION FOR IMPORTUNING, ATTEMPTED SEXUAL CONDUCT WITH A MINOR AND POSSESSION OF CRIMINAL TOOLS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 ASSIGNMENT OF ERROR III APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND A RIGHT TO A FAIR TRIAL. *Page 6 
 First and Second Assignments of Error {¶ 13} For ease of discussion we will discuss appellant's first and second assignments of error jointly. In his first assignment of error, Antony claims that his convictions were not supported by the manifest weight of the evidence. Antony also claims, in his second assignment of error, that his convictions were not supported by sufficient evidence.
 {¶ 14} Reviewing a challenge to the sufficiency of the evidence, requires this Court to examine the evidence in the light most favorable to the prosecution. In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 15} Alternatively, when reviewing whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 1997-Ohio-52. *Page 7 
 {¶ 16} It is important to remember that the credibility to be afforded the testimony of the witnesses is to be determined by the trier of fact.State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763,1998-Ohio-234; State v. Frazier (1995), 73 Ohio St.3d 323,652 NE.2d 1000. The jury is "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co.,Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 17} Antony was convicted of three separate crimes. Importuning is defined by R.C. 2907.07, which provides in relevant part:
 (D) No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies: * * *
 (2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.
 {¶ 18} Unlawful Sexual Conduct with a Minor is defined in R.C.2907.04(A):
 No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard. *Page 8 
Antony was also convicted of Attempted Unlawful Sexual Conduct with a Minor. Attempt is defined in R.C. 2923.02(A) such that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 19} Finally, Antony was convicted of one count of Possession of Criminal Tools, defined in R.C. 2923.24(A) stating "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 20} Transcripts of the conversations between Antony and Tiffany were introduced at trial. On May 28, 2006 Antony initiated the conversation and quickly suggested that he would visit Tiffany that evening. Antony repeatedly asked Tiffany questions that were sexual in nature.
 Coolguy7374: Let me ask you questions.
 Tiffany_mccarthy012: K.
 Coolguy7374: Do you like kissing and cuddling?
 Tiffany_mccarthy012: Yeah, you?
 Coolguy7374: Both. I love kissing on your lips, neck and back of your shoulders.
 Tiffany_mccarthy012: Sounds nice.
 Coolguy7374: I'm a good kisser.
 * * *
 Coolguy7374: I like giving oral. I like going between the legs of my girl. Some girls are shy and don't let.
 Tiffany_mccarthy012: I've never had that done.
 Coolguy7374: There is always a first time. I bet you would enjoy it.
 * * * *Page 9 
 Coolguy7374: You still a virgin?
 Tiffany_mccarthy012: No.
 Coolguy7374: Can I ask an intimate question . . . U keep ur private parts clean shaven/trimmed or natural?
 * * *
 Coolguy7374: lol, i want to ask u some more questtions [sic] so that i am sure that i will be doing what you love.
Tr.p. 58-60. In addition to soliciting this information from Tiffany, Antony also tells Tiffany that when he comes to visit he will get her wine coolers and asks if there is a store in her town where he can purchase drinks. He further asks Tiffany if she smokes and offers to bring cigarettes if she does smoke.
 {¶ 21} Antony takes down Tiffany's address, and gives her his phone number so that she can call him later to set up a meeting time. When Tiffany is scheduled to call later, the call is actually placed by 911 Operator Jackie Goode. When she calls, Antony answers the phone with an accent.
 Antony: Can I come pick you up and we go to and pick up some coolers?
 Tiffany: Uh, yeah.
 Antony: Okay, I be there in two and a half hours. Okay?
 Tiffany: Okay, great.
Tr.p. 72.
 {¶ 22} If believed, a jury could find these conversations, along with Antony traveling to Tiffany's house, sufficient to support convictions for Importuning and Attempted Unlawful Sexual Conduct with a Minor. Antony initiated the conversation on May 28, 2006 in which his intention to engage in specific sexual conduct was expressed. *Page 10 
He then traveled to Ada, Ohio to meet a minor girl, with the intention of having sexual relations.
 {¶ 23} Furthermore, the jury was free to believe or disbelieve the testimony of Antony's witnesses. State v. Viola (1947), 51 Ohio Law Abs. 577, 82 N.E.2d 306. At trial, Antony presented the testimony of both Brittney Shiplett and another friend of Antony's, Pamela Hopkins. Hopkins testified to an Instant Messenger conversation that she had with Antony earlier in the day, in which he stated he did not believe Tiffany was a girl. Moreover, Hopkins testified that Antony had her attempt to report a suspected "hacker" to a government reporting website. Antony also took the stand on his own behalf and testified that he had believed Tiffany to be a hacker.
 {¶ 24} This evidence, however, is in direct contradiction with the sexual conversations Antony had with Tiffany, as well as his initial statement when he was apprehended by the Ada police, stating that he was there to visit a girl who was twenty-one years old. The jury may also have reasonably chosen to believe that a person, suspecting a hacker, would not have driven two and a half hours to confront a hacker.
 {¶ 25} Moreover, the presence of recently purchased condoms in Antony's vehicle when he was arrested support the conviction on the charge of Possession of Criminal Tools. With regard to the presence of the condoms, Antony presented the testimony of Brittney Shiplett, who testified that they had planned to use condoms as part of a prank on a friend later in the evening. However, the planned use of the condoms as a prank *Page 11 
does not preclude the possibility that the condoms found in the vehicle were intended to be utilized during Antony's visit with Tiffany.
 {¶ 26} In reviewing the totality of the evidence, we cannot conclude that the jury clearly lost its way or created a manifest miscarriage of justice as to the felony charges of Importuning, Attempted Unlawful Sexual Conduct with a Minor, and Possession of Criminal Tools. Furthermore, after viewing the entire record and the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found that Antony's guilt of the essential elements of Importuning, Attempted Unlawful Sexual Conduct with a Minor, and Possession of Criminal Tools were proven beyond a reasonable doubt. Accordingly, Antony's first and second assignments of error are overruled.
 Third Assignment of Error {¶ 27} In his third assignment of error, Antony claims that his trial counsel was ineffective by failing to secure a copy of the seized hard drive of his computer for analysis by Antony's own expert, who might conceivably have found evidence to support Antony's claim of being "hacked."
 {¶ 28} To demonstrate ineffective assistance of counsel, the burden is on the criminal defendant to "show that counsel's performance was deficient." Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 674. The Ohio Supreme Court has adopted the two part test articulated in Strickland for demonstrating *Page 12 
ineffective assistance of counsel. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 29} In order to prevail on a claim of ineffective assistance of counsel, an appellant must first show "that counsel's representation fell below an objective standard of reasonableness." State v.Bradley (1989), 42 Ohio St.3d at 142, citing Strickland,466 U.S. at 687-688. In Strickland, the Court noted that scrutiny of counsel's performance is to be "highly deferential." Strickland, 466 U.S. at 689.
 A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation . . .
State v. Bradley (1989), 42 Ohio St.3d at 142. "Ohio licensed attorneys are presumed competent in their representation of a defendant's interests." State v. Richardson, 3rd Dist. No. 13-06-21,2007-Ohio-115, citing State v. Hoffman (6th Dist. 1988),129 Ohio App.3d 403, 407, 717 N.E.2d 1149. It is important to note that "the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance," when determining whether conduct fell below the objective standard of reasonableness. State v. Giesey, 3rd Dist. No. 5-06-31,2006-Ohio-6851, at ¶ 13.
 {¶ 30} Second, to demonstrate ineffective assistance of counsel, a defendant must show that not only was counsel ineffective, but that prejudice resulted from counsel's conduct. Prejudice results where "there is a reasonable probability that, but for counsel's *Page 13 
unprofessional errors, the result of the proceeding would have been different." Bradley, 42 Ohio St.3d 142 citing Strickland,466 U.S. at 691. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Bradley, 42 Ohio St.3d at 142;Strickland, 466 U.S. at 694.
 {¶ 31} The jury heard direct testimony that Tiffany was not a computer hacker, but a persona created by Patrolman McGinnis. There is nothing in the record to indicate that independent analysis of Antony's computer would have shown differently. Further, nothing in the record indicates that the failure to secure independent analysis of the hard drive was not a tactical or strategic decision on the part of trial counsel. "[T]actical or strategic trial decisions, even if ultimately unsuccessful, will not substantiate a claim of effective assistance of counsel." Giesey, supra, at ¶ 15.
 {¶ 32} There are several reasons, in the case at bar, that trial counsel may have chosen not to follow through with independent analysis of Antony's hard drive. For example, counsel may have decided that allowing the jury to speculate as to Antony's belief that he was being hacked was more persuasive than independent analysis that would confirm that no computer hacking was occurring. Alternatively, counsel may have decided that securing expert analysis was not the most productive use of counsel's time in preparing and presenting the most persuasive case.
 {¶ 33} Upon review of the record, it is our conclusion that the evidence in this case does not establish that Antony's counsel provided ineffective assistance of counsel. First, *Page 14 
the actions taken by Antony's counsel do not fall below an objective standard of reasonable representation. Furthermore, if counsel had secured independent analysis of the hard drive, there is no reasonable probability of a different outcome at trial. The jury chose not to believe Antony's claim that he believed Tiffany was a hacker. Independent evidence that his computer was being hacked by someone would be unlikely to convince the jury that he did not have the requisite intentions for sexual conduct with Tiffany in light of his explicit conversations and travel to Ada. Therefore, Antony's third assignment of error is overruled.
 {¶ 34} Accordingly, Antony's assignments of error are overruled and the December 14, 2006 Judgment of conviction and sentence entered in the Common Pleas Court of Hardin County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1