The STATE of Ohio, Appellant,

v.

MILLER, Appellee.

[Cite as *State v. Miller,* 161 Ohio App.3d 145, 2005-Ohio-2516.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2004–CA–75.

Decided May 20, 2005.

Betsy A. Boyer, Assistant Fairborn Prosecutor, for appellant.

John H. Rion, for appellee.

BROGAN, Presiding Judge.

{¶ 1} The state of Ohio appeals from the trial court's dismissal of a driving-under-the-influence ("DUI") charge against appellee Charlene Miller.

{¶ 2} In its sole assignment of error, the state contends that the trial court erred in finding that the state had acted in bad faith in failing to preserve a videotape of Miller's DUI traffic stop. For her part, Miller has failed to file an appellate brief.

{¶ 3} An Ohio State Highway Patrol officer cited Miller for a marked-lanes violation and for driving under the influence of alcohol on October 11, 2003. On December 8, 2003, Miller's attorney filed a motion for "all discovery materials pursuant to Ohio Criminal Rule 16." Miller later retained new counsel, who moved for a continuance and on March 19, 2004, made a specific discovery request for "any video/audio tapes." After overruling a motion to suppress, the trial court scheduled the matter for a jury trial on May 5, 2004.

{¶ 4} On May 4, 2004, Miller's attorney moved for a second continuance or, alternatively, for dismissal because the state had "failed to provide counsel for Defendant with discovery in this matter." The trial court responded by continuing the trial date until May 19, 2004. Two days before this new date, defense counsel moved for a third continuance or for dismissal based on the state's failure to provide a videotape of the traffic stop. The trial court granted a continuance and rescheduled the matter for trial on June 16, 2004. The trial court's journal entry warned: "If the State does not provide the videotape by June 1, 2004, the Court will dismiss the DUI charge."

{¶ 5} Thereafter, on June 2, 2004, defense counsel filed an affidavit stating that the requested discovery still had not been received. The state responded with a June 2, 2004, memorandum advising the trial court as follows:

{¶ 6} "This case was set for jury trial May 19, 2004. At that time, defense counsel requested a continuance in order to view the videotape of the stop. The Court gave the Prosecution until June 1, 2004, to provide a copy of the videotape. The Prosecution attempted to comply with the order of this Court, however, per a telephone conversation with Trooper Moore of the Ohio State Highway Patrol, the video has been destroyed. Therefore, the Prosecution was unable to provide a copy of the videotape to Defendant's counsel.

{¶ 7} "However, the prosecution did provide Defendant a letter given personally to Jacob Brown from defense counsel's office, giving Defense counsel authority to view or copy the videotape. The Prosecution complied with Criminal Rule 16 in that the authorization letter that was given directly to Mr. Brown by the prosecutor's office provided Defendant the opportunity to view or copy the videotape. Further, the Prosecutor's office was never notified of any difficulty Defendant may have encountered in viewing or copying the videotape prior to Defendant's request to continue the jury trial date."

{¶ 8} The trial court responded to the foregoing explanation by dismissing the DUI charge. In so doing, the trial court noted that after defense counsel's May 17, 2004 third motion for a continuance, it had discussed the matter of the videotape in chambers with counsel for Miller and the state. The trial court recalled being "assured that the defendant would have full access to the videotape." The trial court also noted that the state's June 2, 2004 memorandum provided no explanation "for why or when the tape was destroyed." The trial court then concluded as follows:

{¶ 9} "It is not acceptable that the prosecutor did not know that there was no tape to provide the defense during the seven months prior to trial. Apparently, even the day before two jury trial dates, the prosecutor had not even reviewed the tape. Perhaps there is a serious breakdown in communication between the prosecutor and the Ohio State Highway Patrol regarding discovery, but there is no excuse for defense counsel to be running all over the county on a wild goose chase for a tape that doesn't even exist.

{¶ 10} "WHEREFORE, the Court makes a finding of bad faith on the part of the state and is hereby dismissing the Driving Under the Influence charge * * *."

{¶ 11} On appeal, the state contends that the trial court erred in dismissing the DUI charge because the record does not support a finding of bad faith.

In order to address this argument, we must review the law governing the failure to preserve evidence in a criminal case.

{¶ 12} The Due Process Clause protects a criminal defendant from being convicted if the state has failed to preserve materially exculpatory evidence or in bad faith has destroyed potentially useful evidence. *State v. Bolden,* Montgomery App. No. 19943, 2004-Ohio-2315, 2004 WL 1043317, at ¶ 51; *State v. Franklin,* Montgomery App. No. 19041, 2002-Ohio-2370, 2002 WL 1000415. In order to be materially exculpatory, " 'evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.' " Id. at ¶ 52, quoting *California v. Trombetta* (1984), 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413. When evidence is only potentially useful, the destruction of the evidence does not violate due process unless the police acted in bad faith. Id. "The term 'bad faith' generally implies something more than bad judgment or negligence. 'It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' " *Franklin,* supra, at ¶ 47, quoting *State v. Buhrman* (Sept. 12, 1997), Greene App. No. 96 CA 145, 1997 WL 566154, quoting *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45, paragraph two of the syllabus, overruled on other grounds, *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 554, 644 N.E.2d 397.

{¶ 13} In the present case, the trial court implicitly concluded that the videotape was only potentially useful to Miller. Thus, it proceeded to find that the state had acted in bad faith in failing to preserve the videotape. On the record before us, however, we cannot determine whether the state acted in bad faith. As the trial court itself noted in its judgment entry, "no explanation was given for why or when the tape was destroyed" by the Ohio State Highway Patrol. Why and when the tape was destroyed are important considerations in determining whether the state acted in bad faith. But the record is devoid of evidence on these issues.

{¶ 14} The prosecutor's office claims that it gave Miller's counsel written authorization to view and copy the videotape at the Ohio State Highway Patrol facilities. Granting written authorization to review evidence is not the typical way to provide discovery. Nevertheless, if the prosecutor's office provided such authorization before the tape was destroyed, then we would be disinclined to find bad faith on the part of the state. Once again, however, the record contains no evidence revealing whether or when the state provided defense counsel with written authorization.

{¶ 15} Without knowing when or why the tape was destroyed and whether defense counsel could have accessed it prior to its destruction, we cannot

determine whether the state acted in bad faith in failing to ensure its preservation.[1] In our view, the trial court should have held a brief evidentiary hearing to take evidence on these issues. Given its failure to do so, we find that the record before us contains insufficient evidence to support a finding of bad faith and dismissal of the DUI charge. Accordingly, we sustain the state's assignment of error.

{¶ 16} The trial court's June 9, 2004 judgment entry is reversed, and the cause is remanded for further proceedings consistent with this opinion. On remand, the trial court is free to inquire into the circumstances surrounding the destruction of the videotape and to hear any evidence that it deems appropriate. We hold only that the present record does not support dismissal of the DUI charge against Miller.

Judgment reversed
and cause remanded.

WOLFF and DONOVAN, JJ., concur.

---

1. We do not dispute the trial court's suggestion that the prosecutor acted negligently or exercised poor judgment in failing to discover that no videotape existed until shortly before the third scheduled trial date. In order to find a due process violation and dismiss a charge, however, a court is required to find bad faith in the state's failure to preserve evidence. In the present case, we know nothing about the circumstances surrounding the *failure to preserve* the videotape, as opposed to the circumstances surrounding the prosecutor's *discovery* that it had not been preserved. In order to dismiss Miller's DUI charge, it is not enough that the prosecutor acted negligently in discovering the videotape's destruction. Rather, the record must reflect something more, namely bad faith, in the actual failure to preserve the tape. As we explained above, evidence on this point is lacking.