OPINION
{¶ 1} Defendant, Christopher Keggan, appeals from his conviction and fine for the offense of failing to obey a traffic control device. R.C. 4511.12.
 {¶ 2} During the early afternoon of June 28, 2005, Defendant was driving westbound on Dayton-Xenia Road, in Beavercreek Township, toward the Trebein/North Valley Road intersection. Trooper James Williams of the State Highway Patrol was traveling southbound on Trebein Road. According to Trooper Williams, Defendant's vehicle was traveling at a high rate of speed as Defendant approached the Trebein/North Valley Road intersection, and Defendant failed to stop at the stop sign located at the intersection and proceeded to turn right onto Trebein Road from Dayton-Xenia Road at approximately 7 to 10 miles per hour.
 {¶ 3} According to Defendant, his car began overheating as he approached the stop sign at the intersection. Therefore, Defendant pulled his car partially off Dayton-Xenia Road approximately ten feet short of the stop sign. Defendant parked his car, turned the engine off, and waited approximately 10 to 15 minutes until it had cooled down. Defendant then started the car, pulled back onto Dayton-Xenia Road, stopped at the stop sign, looked both ways, and then turned right onto Trebein Road.
 {¶ 4} After Defendant turned right onto Trebein Road, Trooper Williams activated the emergency lights of his cruiser and stopped Defendant's vehicle. When its emergency lights were activated, a camera in the cruiser recorded the traffic stop. Trooper Williams issued Defendant a citation for failing to stop at a stop sign in violation of R.C. 4511.12.
 {¶ 5} On July 12, 2005, Defendant filed a motion to preserve the videotape stop of the traffic stop. The trial court granted Defendant's motion on July 13, 2005. A copy of the order was sent to the Ohio Highway Patrol. The Highway Patrol nevertheless destroyed the videotape on July 28, 2005, pursuant to an internal policy, thirty days following the stop it had recorded. Defendant filed a pretrial motion to dismiss the charge against him due to the State's failure to preserve the videotape evidence.
 {¶ 6} On October 4, 2005, a magistrate overruled Defendant's motion to dismiss, found Defendant guilty of violating R.C. 4511.12, and imposed a $50 fine. Defendant filed objections to the magistrate's decision on October 14, 2005. Once a transcript was prepared, Defendant filed supplemental objections. The trial court overruled Defendant's objections on December 29, 2005, and issued a Decision and Judgment Entry finding Defendant guilty of violating R.C. 4511.12.
 {¶ 7} Defendant filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT VIOLATED THE DEFENDANT'S DUE PROCESS RIGHTS, GUARANTEED BY SECTION 1 OF THEFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHEN IT OVERRULED HIS MOTION TO DISMISS THE CASE WHEN THE STATE FAILED, IN DIRECT VIOLATION OF A COURT ORDER, TO PRESERVE EVIDENCE IN ITS CONTROL WHICH THE DEFENDANT COULD NOT OBTAIN THROUGH ANY OTHER MEANS."
 {¶ 9} It is undisputed that the State Highway Patrol destroyed the videotape of Defendant's June 28, 2005 traffic stop in direct violation of the July 13, 2005 order of the trial court requiring the State to preserve the videotape. Defendant argues that the State destroyed the videotape of Defendant's traffic stop in bad faith. According to Defendant, the bad faith destruction of the videotape required the trial court to grant Defendant's motion to dismiss. The State responds that the videotape was not exculpatory, and that there is no evidence that the destruction of the videotape was anything other than a mistake, which does not rise to the level of bad faith.
 {¶ 10} The Due Process Clause of theFourteenth Amendment to the United States Constitution protects a criminal defendant from being convicted where the state fails to preserve materially exculpatory evidence or acts in bad faith to destroy potentially useful evidence.Arizona v. Youngblood (1988), 488 U.S. 51, 57-58, 109 S. Ct. 333, 337,102 L.Ed.2d 281; State v. Bolden, Montgomery App. No. 19943,2004-Ohio-2315, _51. To be materially exculpatory, "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."California v. Trombetta (1984), 467 U.S. 479, 489, 104 S. Ct. 2528,81 L.Ed.2d 413.
 {¶ 11} When evidence is only potentially useful, however, its destruction does not violate due process unless the police acted in bad faith when destroying the evidence. State v. Miller,161 Ohio App.3d 145, 2005-Ohio-2516, _12 (citation omitted). "The term `bad faith' generally implies something more than bad judgment or negligence. `It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of the fraud. It also embraces actual intent to mislead or deceive another.'" State v. Smith, Montgomery App. No. 20247,2005-Ohio-1374, _7 (citations omitted).
 {¶ 12} Defendant filed a pretrial motion to dismiss based on the State's destruction of the videotape of the traffic stop. Per Crim. R. 12(C), "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." At a hearing on the motion, the State offered the testimony of Trooper Williams concerning the destruction of the videotape, and both parties questioned Trooper Williams about its improper destruction. Trooper Williams testified that he was unaware of the court's order until after the evidence had been destroyed. Based on his testimony, the magistrate denied Defendant's motion to dismiss prior to trial, finding that the videotape was not destroyed in bad faith.
 {¶ 13} It is undisputed that the videotape did not contain a recording of Defendant's alleged violation of R.C. 4511.12, but only of the events that occurred during the subsequent traffic stop. Therefore, there is no viable argument that the videotape is materially exculpatory.
 {¶ 14} Defendant argues that the videotape was nevertheless potentially useful to him because, during the stop, Trooper Williams made a remark or remarks about the condition of Defendant's vehicle that would have corroborated Defendant's trial testimony that his vehicle had overheated before he reached the stop sign. Such evidence, according to Defendant, would have preponderated in his favor on the matter of credibility, because Trooper Williams' testimony denied that any breakdown occurred.
 {¶ 15} Defendant further argues that, in any event, he could not have shown that the videotape was exculpatory or even potentially useful evidence, because the tape was destroyed and he therefore can't prove its contents. That is not the extent of his burden, at least on the "potentially useful" prong. Defendant needs only to show what the evidence is and what it might show to permit a finding of potential usefulness. The evidence is potentially useful if what it might show is probative of a fact or matter in issue.
 {¶ 16} At the pretrial hearing on Defendant's motion to dismiss, only Trooper Williams testified, and he said that he witnessed Defendant run the stop sign. In response to a question on cross-examination, Trooper Williams denied that Defendant said anything during the subsequent traffic stop relating to any car problems. At trial, neither party presented any evidence that Defendant and Trooper Williams had any conversation during the traffic stop about the condition of Defendant's car. Defendant merely testified at trial that he had car problems prior to reaching the stop sign.
 {¶ 17} Defendant contends that Trooper Williams was incorrect when he testified at the evidentiary hearing that Defendant did not mention his car problems during the traffic stop. Defendant argues on appeal that the videotape may have been useful in showing that Defendant did in fact mention his car problems to Trooper Williams, which would adversely affect the credibility of Trooper Williams and presumably bolster Defendant's version of the events that preceded the traffic stop.
 {¶ 18} The fundamental flaw in Defendant's argument is that in the proceedings in the trial court on his motion Defendant failed to present any evidence contradicting Trooper Williams' testimony concerning what occurred during the traffic stop. Defendant failed to testify, either at the hearing or at trial, that he made any statements to Trooper Williams at the traffic stop regarding the car problems he faced shortly before the traffic stop, or that Trooper Williams had commented on a "funny odor" emanating from Defendant's car which was related to his alleged car problems. Although Defendant's counsel asked questions of Trooper Williams that suggested such facts, which he denied, statements by counsel during questioning of witnesses at trial do not constitute evidence.
 {¶ 19} On this record, we cannot find that the videotape of the traffic stop would have been potentially useful to attack Trooper Williams' credibility or to bolster Defendant's story that his car overheated shortly before he reached the stop sign in question. Although the magistrate probably should have reserved judgment on Defendant's motion to dismiss until after all of the evidence was presented at trial, Defendant failed to present any evidence at trial to contradict Trooper Williams' testimony regarding what was said and not said during the traffic stop. Therefore, Defendant did not offer any basis to find that the videotape may have been potentially useful, and the trial court did not abuse its discretion in denying Defendant's motion to dismiss. Consequently, we need not consider whether the videotape was destroyed in bad faith.
 {¶ 20} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 21} "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY, ORC4511.12, FAILURE TO OBEY TRAFFIC CONTROL DEVICE, WHERE THE STATE FAILED TO PROVE THE ALLEGATION `BEYOND A REASONABLE DOUBT.'"
 {¶ 22} Defendant argues that the State's only evidence that Defendant violated R.C. 4511.12 was testimony of Officer Williams, "which so openly contradicted the testimony of the Defendant as to raise reasonable doubt." The State responds that the trial court properly credited the testimony of Officer Williams over Defendant's testimony.
 {¶ 23} "No . . . driver of a vehicle . . . shall disobey the instructions of any traffic control device. . . ." R.C. 4511.12(A). Defendant was found guilty of violating R.C. 4511.12 by failing to stop at a stop sign located at the intersection of Dayton-Xenia Road and Trebein Road. Officer Williams testified that he witnessed Defendant fail to stop at the stop sign. Defendant testified that he did stop at the stop sign. No other witnesses testified at trial.
 {¶ 24} The magistrate found Defendant guilty of an R.C. 4511.12
violation and Defendant filed objections. Defendant did not make a request for findings of fact or conclusions of law. Crim. R. 19(D)(3)(a)(ii); Traf. R. 14(C). However, the obvious conflict in the respective testimony of Trooper Williams and Defendant supports a conclusion that the magistrate must have found Trooper Williams more credible than Defendant. The trial court reviewed the record and adopted the magistrate's decision, finding that it could not "find any reason why the trooper would lie about what he saw."
 {¶ 25} "Because the factfinder, be it the jury or, as in this case,the trial judge, has the opportunity to see and hear the witnesses, thecautious exercise of the discretionary power of a court of appeals tofind that a judgment is against the manifest weight of the evidencerequires that substantial deference be extended to the factfinder'sdeterminations of credibility. The decision whether, and to what extent,to credit the testimony of particular witnesses is within the peculiarcompetence of the factfinder, who has seen and heard the witness."State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 26} We have reviewed the evidence of record, including the testimony of Trooper Williams and Defendant. Trooper Williams explained that he saw Defendant fail to stop at the stop sign. This testimony, if believed, is sufficient in law to establish a violation of R.C. 4511.12. The trial court was in the best position to weigh the credibility of the two witnesses. Given this record, we cannot find that the trial court erred in crediting the testimony of Trooper Williams over that of Defendant.
 {¶ 27} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. concurs.