JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant James Chambers appeals from his conviction and sentence after a jury found him guilty of cocaine possession.
 {¶ 2} Chambers presents three assignments of error. He first claims the trial court's refusal to grant his request for an independent analysis of the residue found in the "crack pipe," since that residue formed the basis for the charge against him, denied him of his constitutional right to due process of law. He further claims that the evidence presented by the state was insufficient to prove his guilt. Thirdly, he claims that the trial court denied him his constitutional right to allocution at sentencing.
 {¶ 3} The state concedes in its appellate brief that Chambers' first and third claims have merit.
 {¶ 4} Upon a review of the record, this court determines the trial court's denial of Chambers' request for an independent analysis denied his constitutional rights to confrontation and due process. Consequently, Chambers' first assignment of error is sustained. Since this determination is dispositive of his appeal, his conviction and sentence are reversed, and this matter is remanded for further proceedings.
 {¶ 5} Chambers' conviction in this case results from an incident that occurred on the evening of September 7, 2006. According to the testimony presented at trial, a police officer observed Chambers operating a vehicle that lacked properly placed *Page 4 
license plates. The officer stopped the vehicle, whereupon he saw Chambers' passenger, co-defendant Douglas Padgett, making "furtive movements."
 {¶ 6} When the officer requested to see his driver's license, Chambers admitted he did not have one, so he was arrested. The officer subsequently conducted an inventory search of the vehicle prior to towing it and discovered two "crack pipes;" one was located under the driver's seat, and one was located in the passenger's seat.
 {¶ 7} Chambers and Padgett were indicted together on February 8, 2007; they were charged with one count of possession of cocaine in an amount less than five grams. Chambers entered a not guilty plea and was assigned counsel to represent him.
 {¶ 8} On April 20, 2007 the court set the case for an original trial date of May 9. On May 3, 2007 defense counsel filed a motion pursuant to R.C. 2925.51(E) for an independent analysis of the drug. The trial court issued no decision on this request. The court did, however, twice continue the trial date.
 {¶ 9} On June 11, 2007 Chambers' case came to trial. The court conducted a hearing on the outstanding motions at that time. In relevant part, the court denied Chambers' request for an independent analysis of the drugs on the basis that "the drugs were in fact tested by the scientific investigation unit of the Cleveland Police Department." *Page 5 
 {¶ 10} The state presented two witnesses during its case-in-chief, viz., the police officer and the police department's analyst. The analyst testified that the residue in the crack pipe tested positive for cocaine, but in an amount that was less than her department's scale accurately could measure; she thus stated it was "less than .01 grams."
 {¶ 11} After the trial court denied his motion for acquittal, Chambers presented his co-defendant as a witness. Padgett asserted both of the crack pipes found in the vehicle were his. The jury, however, ultimately found Chambers guilty of the charge.
 {¶ 12} The trial court immediately sentenced Chambers. Without permitting him to address the court, without informing him of the requirements of post-release control, and without advising him of his appellate rights, the court imposed a twelvemonth prison term.[1]
 {¶ 13} Chambers presents three assignments of error.[2] The first is dispositive of this appeal. It states as follows: *Page 6 
 "I. Defendant James Chambers was denied his right to due process guaranteed to him under the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 10 of the Ohio Constitution when the court denied him an independent drug test in violation of R.C. 2925.51(E)."
 {¶ 14} Chambers argues that since he is authorized by the terms of R.C. 2925.51(E) to have an independent drug analysis of the substance adhering to the crack pipe, the trial court's denial of his request under that section amounted to a denial of his constitutional right to due process of law.
 {¶ 15} The state concedes this assignment of error has merit. Therefore, it is sustained.
 {¶ 16} The question now presented to this court is one of the appropriate remedy for the trial court's error. State v. Johnson, Cuyahoga App. No. 82527, 2003-Ohio-4569, ¶ 12.
 {¶ 17} As this court previously has observed, R.C. 2925.51(E) entitles a defendant to an independent laboratory analysis of the substance which constitute the "basis of the alleged violation," as long as the defendant followed the statute's mandates. State v. Robinson, Cuyahoga App. No. 84930, 2003-Ohio-1988, ¶ 10. Chambers timely filed his motion in the instant case, since trial was postponed for other reasons; the trial court simply denied it by commenting that the police *Page 7 
department's analysis sufficed. Id; cf., State v. Glenn, Allen App. No. 1-06-100, 2007-Ohio-4369.
 {¶ 18} The trial court thus intuited that Chambers' indictment was based solely upon that analysis, i.e., upon the alleged existence of only scarcely measurable residue in the crack pipe. The state could not have established an essential element of the offense without the analysis performed by the police department, i.e., that Chambers possessed a "controlled substance, to wit: Cocaine * * *."
 {¶ 19} There is nothing in the record to support a conclusion that no portion of the residue remains; consequently, there is no reason for this court to decide the indictment against Chambers should be dismissed. State v. Robinson, supra ¶ 11, citing, inter alia, State v.Riley (1990), 69 Ohio App.3d 509; cf., State v. Johnson, supra. However, in spite of Chamber's statutory compliance, the trial court denied him the opportunity to analyze this minute quantity of substance.
 {¶ 20} The trial court's action had the effect of preventing Chambers from challenging whether the police department's fundamental analysis was flawed in any way. Under these circumstances, Chambers lacked a meaningful opportunity to cross-examine the analyst. State v.Robinson, supra.
 {¶ 21} As previously stated, Chambers challenges the sufficiency of the evidence upon which his conviction is based. Since the trial court's action in refusing to grant his motion to test the substance had the effect of preventing his right to confront the evidence used against him, his argument with respect to the *Page 8 
sufficiency of the evidence which he presents in his second assignment of error is premature at this juncture. Id.; cf., State v. Brewer, 113 Ohio St.3d 375, 2007-Ohio-2079.
 {¶ 22} For the foregoing reasons, Chambers' conviction is reversed.
 {¶ 23} This necessarily means his sentence is vacated; accordingly, his third assignment of error is moot. App. R. 12(A)(1)(c).
 {¶ 24} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] The trial court's omissions at sentencing, in part, are challenged by Chambers' third assignment of error (see footnote two). The state concedes Chambers' third assignment of error has merit. Nevertheless, in view of this court's disposition of Chambers' first assignment of error, his third is moot.
[2] Chambers' second and third assignments of error state respectively the following: "2) Defendant's conviction for possession of drugs was not supported by sufficient evidence as required by due process in violation of U.S. Constitution Amendment XIV and Crim. R. 29; 3) The trial court erred when it sentenced Mr. Chambers without first providing the defendant the opportunity for allocution in mitigation of sentence." *Page 1