[Cite as *State v. Buis*, 2018-Ohio-1727.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27778 |
| | : | |
| v. | : | Trial Court Case No. 17-CR-812 |
| | : | |
| WENDELL BUIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of May, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

SUSAN F. SOUTHER, Atty. Reg. No. 0058529, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The State of Ohio appeals from the trial court's dismissal of an indictment against defendant-appellee Wendell Buis based on pre-indictment delay.

{¶ 2} In its sole assignment of error, the State challenges the trial court's ruling as an abuse of discretion.

{¶ 3} The record reflects that a grand jury indicted Buis on April 18, 2017 on one count of cocaine possession, a fifth-degree felony. The indictment alleged that the offense had occurred on or about February 7, 2015. Buis moved to dismiss the indictment. He asserted that an unjustifiable and prejudicial delay of more than two years between the alleged offense and the indictment violated his due-process rights. (Doc. #20). Buis noted that the indictment stemmed from a traffic stop for speeding and that his address and telephone number had not changed since the date of the offense. He asserted that a police cruiser-cam recording of the traffic stop no longer existed, that a dispatch recording about sending a K-9 unit to the scene no longer existed, that the dog involved had retired, and that the alleged drugs at issue (which had been tested by the State and found to be cocaine) had been destroyed. (*Id.* at 2-3). Buis also argued that the Ohio State Highway Patrol trooper involved in the traffic stop had apparently moved to a local police department and it would not have been difficult for the State to have located him more promptly. (*Id.* at 4-5). Buis insisted that there was no valid reason for the delay, which had resulted in actual prejudice to him. (*Id.* at 3-6).

{¶ 4} The State opposed dismissal. It asserted that the trooper who made the traffic stop had left the Ohio State Highway Patrol shortly after the incident. The State acknowledged that a crusier-cam recording of the stop had not been saved and that the

alleged cocaine had been destroyed. The State asserted that on March 9, 2017 Trooper Kyle Pohlabel brought the case to the prosecutor's office for review. The State attributed the more than two year delay to "a change in officers." (Doc. # 22 at 2). Despite the delay, the State insisted that Buis had not shown any actual prejudice. Absent a showing of prejudice, the State argued that it had no burden to provide a justifiable reason for the delay. (*Id.* at 3). With regard to prejudice, the State reasoned:

> In the present case not all of the evidence has been destroyed. The testimony of the Officers as well as the laboratory technician is still in existence. The testimony would still be subject to cross examination. The Defendant's biggest grievance with the delay is the lack of cruiser cam. A lack of cruiser cam is not an uncommon occurrence. A lack of cruiser cam footage does not make a case unwinnable for the Defense. It is not an essential element. Based upon this, the alleged prejudice claimed by the Defendant is minimal at best.

(*Id.* at 4).

{¶ 5} Neither party requested an evidentiary hearing on Buis' motion, which the trial court sustained in a September 28, 2017 decision and entry. (Doc. # 29). The trial court began its review by citing the undisputed facts that the alleged cocaine had been seized during a traffic stop, a cruiser-cam video had been destroyed, and the alleged drugs had been analyzed and destroyed after the preparation of a report. (*Id.* at 1). Applying *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, the trial court then concluded that Buis had established actual prejudice due to the missing evidence. The trial court opined that Buis was not required to show that the missing

evidence necessarily would have exonerated him. (*Id.* at 3). Rather, the trial court found it sufficient that the missing evidence would have enabled him to attack the credibility of the State's evidence or to minimize the impact of that evidence. (*Id.* at 3-7). The trial court then reasoned:

> The charge against Buis is "knowingly" possessing cocaine in an amount less than 5 grams. To the extent the seized substance was small or otherwise not obvious, defendant would be able to reasonably argue lack of knowledge at trial. Without that evidence he is denied the opportunity to "minimize or eliminate" the impact of the state's evidence specifically with regard to his "knowingly" possessing cocaine.
>
> * * *
>
> The Court finds that the combination of the missing cruiser cam video, dispatch, and the seized substance, would adversely affect the defense case at trial. It leaves the accused unable to contest the alleged controlled substance with respect to defendant's alleged knowing possession. R.C. 2901.22(B) defines "knowingly" in the sense of awareness of circumstances that probably exist. The size of the container seized, its location, and particularity may be important to contest the alleged awareness. Therefore, the absence of the opportunity to inspect, examine, and independently test the alleged cocaine negatively impacts the defendant's ability to defend himself at trial. Even without knowing what such testing would reveal as to the amount of cocaine, (no longer material after *State v. Gonzales*, [150] Ohio St.3d [276], [S]lip Opinion, 2017-Ohio-

777), the presence of the alleged cocaine is important to the defense. "[I]t cannot be said that the missing evidence . . . would not have minimized or eliminated the impact of the state's circumstantial evidence." *Luck*, *supra*, 15 Ohio St.3d 150, 157.

Defendant is denied the opportunity to verify by independent analysis that the police seized cocaine. He is denied the opportunity to verify whether the police violated his Fourth Amendment rights in the traffic stop, search, and seizure. He is denied the opportunity to verify whether he was detained too long before there was a canine alert justifying a search. *See Rodriguez v. United States*, __ U.S. __, 135 S.Ct. 1609 (2016).

The state's response is that the absence of this evidence is harmless because defendant can cross-examine witnesses, and it is speculative because defendant cannot show that if he had the missing evidence it would support a dismissal or acquittal. It does not, and cannot, demonstrate that the availability of the missing evidence would have presented the opportunity to attack the credibility of the state's evidence. The demonstrably missing evidence does not have to be "directly exculpatory." *Jones*, *supra*, ¶ 27.

(*Id.* at 3-6).

{¶ 6} On appeal, the State challenges the trial court's finding of actual prejudice attributable to pre-indictment delay. The State first insists that the trial court was required to hold an evidentiary hearing on the prejudice issue. We disagree. The trial court apparently found itself able to assess prejudice based on undisputed facts contained in

the parties' written arguments. Whether the trial court's decision was correct is a separate question, which we will address below. But we are unconvinced that it had a per se duty to hold an evidentiary hearing where the parties did not request one, electing instead to proceed on their written arguments.

{¶ 7} The case the State cites to support its argument, *State v. Dixon*, 8th Dist. Cuyahoga No. 100332, 2014-Ohio-2185, is not to the contrary. In *Dixon*, the Eighth District acknowledged that "a trial court may not always be required to hold an evidentiary hearing upon a motion for preindictment delay[.]" *Id.* at ¶ 11. It found a hearing necessary in that case, however, where the defendant asserted in his motion that prejudice existed because his memory had faded, he was unable to locate witnesses, and the victim's credibility was suspect. *Id.* at ¶ 4. Under those circumstances, a hearing may have been proper to test the defendant's memory and to explore his claim about locating witnesses and the victim's credibility. Here Buis' prejudice claim rested on the undisputed destruction of evidence including a cruiser-cam recording of the traffic stop, a dispatch recording about sending a K-9 unit to the scene, and the drugs at issue. Particularly in the absence of a request by either party, we are unpersuaded that the trial court had an obligation to hold an evidentiary hearing to assess the prejudice resulting from the loss of this evidence.

{¶ 8} The State next argues that Buis failed to establish actual prejudice based on the missing cruiser-cam video, the missing dispatch recording about a K-9 unit, and the destroyed drug evidence. The State contends it is speculation whether this evidence would have aided Buis' defense by undermining the case against him. The State asserts that the cruiser-cam video and dispatch recording very well may not have revealed

anything useful to the defense and that the alleged drugs already had been tested and confirmed to be cocaine. The State further notes that the officers involved in the traffic stop are available to testify at trial about the size, location, and packaging of the drugs, that a police report is available, that the lab analyst and a lab report are available, and that a typed log of the dispatch recording is available.[1] (Appellant's brief at 6-10).

{¶ 9} In response, Buis insists the missing evidence constitutes "critical information" material to a determination of his guilt or innocence. His appellate argument on the actual-prejudice issue addresses only the destruction of the drug evidence. Relying on *State v. Chambers*, 8th Dist. Cuyahoga No. 90142, 2008-Ohio-3068, he asserts that the destruction of this evidence precludes him from conducting independent testing as authorized by statute and violates due process. (Appellee's brief at 4-6).

{¶ 10} It is well established that "[d]elay between a defendant's involvement in alleged criminal conduct and an indictment involving such conduct may deprive a defendant of his constitutionally protected due process rights." *State v. Moore*, 2017-Ohio-1307, 88 N.E.3d 593 (2d Dist.), citing *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. When reviewing a decision on a motion to dismiss an indictment for pre-indictment delay, we afford "great deference" to the trial court's factual findings while examining legal issues de novo. *State v. Hawkins*, 2d Dist. Montgomery No. 27019, 2018-Ohio-867, ¶ 37-38 (citing cases). In *Moore*, we recited the

---

[1] The State also asserts that no actual prejudice exists because "Buis was *Mirandized* and made incriminating statements" after the traffic stop. (Appellant's brief at 9). Unfortunately, the State did not elaborate on the nature of those statements in its memorandum in opposition to Buis' motion to dismiss the indictment, and the record does not reveal what incriminating statements were made. Although incriminating statements in the nature of a confession might preclude any actual prejudice in the destruction of the evidence at issue, we cannot make that determination on the record before us.

framework for analyzing a claim based on pre-indictment delay:

> In *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, the Ohio Supreme Court recently reiterated that "* * * preindictment delay violates due process only when it is unjustifiable and causes actual prejudice." *Id.* at ¶ 12. The court also reaffirmed its firmly established "burden-shifting framework for analyzing a due-process claim based on preindictment delay [which states that] [o]nce a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Id.* at ¶ 13, citing *State v. Whiting*, 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998); *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 99.
>
> A reviewing court must scrutinize a defendant's claim of prejudice by "consider[ing] the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay." *Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 20. "* * * [S]peculative prejudice does not satisfy the defendant's burden." *Id.* "Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense." *Id.* at ¶ 28.

*Moore* at ¶ 24-25.

{¶ 11} With the foregoing standards in mind, we conclude that the trial court erred in finding actual prejudice to Buis based on pre-indictment delay of a little more than two years. We recognize that lost evidence can satisfy the actual-prejudice requirement.

*Jones* at ¶ 21. We also agree with the trial court that missing evidence need not be "demonstrably exculpatory" to establish actual prejudice. *Id.* at ¶ 23. Rather, "the proven unavailability of specific evidence or testimony that would attack the credibility or weight of the state's evidence against a defendant and thereby aid in establishing a defense may satisfy the due-process requirement of actual prejudice." *Id.* at ¶ 25. Here, however, Buis made a purely speculative argument that the missing evidence would attack the credibility or weight of the case against him. Although a defendant need not identify precisely what missing evidence would have shown, *Jones* at ¶ 27-28, we see no basis on which to conclude that the destroyed evidence would have yielded anything useful to his defense.

{¶ 12} With regard to the destroyed drug evidence, which is the focus of Buis' appellate argument, he concedes that it already was tested and found to be cocaine. Nothing in the record indicates that the destruction of the evidence was anything other than routine according to a drug destruction schedule. Although destruction of that evidence precludes re-testing, a lab report of the test results exists and defense counsel can cross examine the lab analyst at trial.[2] When assessing actual prejudice resulting from the missing evidence, we must consider this remaining evidence. *Id.* at ¶ 26. We note too that destruction of the incriminating drug evidence may work to Buis' advantage. If anything, its absence seemingly would benefit the defense. *Compare Adams* at *¶ 103* (noting that the death of a potential witness was not prejudicial where the witness already

---

[2] Near the end of its decision, the trial court opined that if it had not dismissed the indictment against Buis "it would have precluded the prosecution's use of the laboratory report as prima facie evidence." (Doc. # 29 at 9). This statement was dicta because the trial court did dismiss the indictment, and the State has not raised the trial court's statement as an issue on appeal. Therefore, for present purposes, we express no opinion as to whether the trial court on remand may preclude the State from using the lab report as a sanction for destroying the drug evidence.

had implicated the defendant in a crime before he died); *State v. Brown*, 170 Ohio App.3d 235, 2007-Ohio-179, 866 N.E.2d 584, ¶ 21 (2d Dist.) ("Ironically, the most significant exculpatory feature of the destroyed evidence is the very fact of its destruction. The state's error in destroying the evidence, which denies the jury an opportunity to see what it actually looks like, preponderates in the defendant's favor."); *see also State v. Barron*, 2d Dist. Greene No. 10-CA-28, 2011-Ohio-2425, ¶ 21 ("The sample already had tested positive for cocaine, and Barron cannot establish that he was actually prejudiced by his inability to conduct a second examination.").

**{¶ 13}** Buis' citation to the Eighth District's opinion in *Chambers*, *supra*, fails to persuade us that destruction of the drug evidence resulted in actual prejudice. In *Chambers*, the trial court refused to allow the defendant to conduct an independent drug analysis of an existing sample. On appeal, the defendant argued that an independent analysis was authorized by R.C. 2925.51(E) and that the trial court's refusal to allow independent analysis of the drugs violated due process. For its part, the prosecution simply conceded error. *Chambers* at ¶ 14-15.

**{¶ 14}** Analogizing to *Chambers*, Buis argues that destruction of the drug evidence in this case violated his right under R.C. 2925.51(E) to have the substance independently tested, thereby violating due process and establishing actual prejudice. We disagree. In *Barron*, *supra*, we rejected an argument that destruction of a urine sample violated due process. Even if destruction of the sample violated R.C. 2925.51(E), we found no due-process violation where the sample already had tested positive for cocaine and its destruction was not in bad faith. The same reasoning applies here.

**{¶ 15}** Finally, we are unpersuaded that Buis established actual prejudice based

on destruction of the cruiser-cam video or the K-9 dispatch recording. It appears that the officers involved in the traffic stop are available to testify at trial, and a police report of the incident exists. Therefore, to the extent that the size, location, and packaging of the drugs may be relevant to whether Buis knowingly possessed cocaine, those issues can be addressed on cross examination (and, of course, Buis is free to testify about them himself if he chooses). The availability of the officers militates against a finding of actual prejudice resulting from destruction of the cruiser-cam video, which was of speculative evidentiary value anyway.

{¶ 16} We reach the same conclusion with regard to the K-9 dispatch recording. The trial court reasoned that the missing recording prevented Buis from challenging whether he was detained too long before a drug dog alerted. Of course, whether Buis actually was detained too long is purely speculative. Although the recording conceivably *might* support such an argument, "speculative prejudice does not satisfy the defendant's burden." *Jones* at ¶ 20. We note too that a typed log of the dispatch call remains available. Buis argued below that the typed log would be hearsay (although it seemingly would qualify as a business record). In any event, the State insists on appeal that Buis may use the typed log at trial in lieu of the actual recording. (Appellant's brief at 9). This assertion reasonably may be construed as a waiver of any possible hearsay objection.

{¶ 17} For the reasons set forth above, we conclude that Buis failed to establish actual prejudice stemming from the pre-indictment delay in this case. That being so, we have no need to consider the State's argument about whether a justifiable reason for the delay existed. Absent a showing of actual prejudice, the trial court erred in dismissing the indictment regardless of the reason for the delay. *Jones* at ¶ 16. Accordingly, the State's

assignment of error is sustained.

{¶ 18} The judgment of the Montgomery County Common Pleas Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

WELBAUM, P. J., concurs.

FROELICH, J., concurring:

{¶ 19} The difficulty faced by a defendant to prove the relevance, let alone materiality, of destroyed evidence was discussed in *State v. South*, 162 Ohio App.3d 123, 2005-Ohio-2152, 832 N.E.2d 1222 (9th Dist.); the Ninth District, with one judge concurring in judgment only and one dissenting, cited both *Alice in Wonderland* and *Catch-22* and commented, "The tautology is too obvious." *South* at ¶ 13.

> The defendant has not justified his right to have the evidence presented for testing, which might help prove him not guilty, because he has not shown that the testing would produce evidence which would prove him not guilty. That is to say, if the defendant cannot prove the tests would have come back negative, he could not be prejudiced by not being able to test the substance which potentially would have come back negative. This argument proves nothing but that the defendant has conducted no testing on a sample he does not have. It is a logical truism that the absence of evidence is not the evidence of absence and it is impossible for anyone to prove a negative or, specifically in this case, for the defendant to prove a negative test without the sample to test.

*State v. Barron*, 2d Dist. Greene No. 10-CA-28, 2011-Ohio-2425, ¶ 28 (Froelich, J., concurring), citing *South* at ¶ 13.

{¶ **20**} Nonetheless, I concur that based on this record – or lack of record – Buis did not sustain his burden of demonstrating actual prejudice. For limited examples, did the content of the police report(s) – if any – raise questions about the stop and/or the seizure; did Buis make incriminating statements; were there photographs of the scene and/or suspected drugs; what did the dispatch log demonstrate? Further, if Buis meets his burden of showing prejudice, can the State provide a justifiable reason for the over-one-year delay in testing and the additional eight-month delay on indictment?

{¶ **21**} The destruction of certain evidence may or may not be a per se violation of due process. While there is no requirement for a hearing, there is the need for a record that supports the defendant's burden and avoids speculation.

Copies mailed to:

Mathias H. Heck
Heather N. Jans
Susan F. Souther
Hon. Richard Skelton