[Cite as *State v. Porter*, 2021-Ohio-2539.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  1-21-01

    v.

MICHAEL J. PORTER,                      **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2020 0081

**Judgment Affirmed**

**Date of Decision:   July 26, 2021**

APPEARANCES:

    *Thomas J. Lucente, Jr.* for Appellant

    *Jana E. Emerick* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Michael J. Porter, appeals his conviction in the Allen County Court of Common Pleas for multiple offenses of possessing child pornography. On appeal, Porter contends the trial court erred by not dismissing the indictment filed against him on the basis of preindictment delay on the part of the State. We find no error by the trial court and affirm its decision. Our reasoning is set forth below.

*Background*

{¶2} On March 12, 2020, the Allen County Grand Jury issued an indictment charging Porter with ten violations of R.C. 2907.322(A)(1), pandering sexually oriented matter involving a minor, each count charged as a felony of the second degree. An additional ten counts alleged violations of R.C. 2907.323(A)(3), illegal use of a minor in a nudity-oriented material or performance. Each of these counts contained an allegation that Porter had a prior conviction for the same offense, elevating the seriousness of each offense to a fourth-degree felony. The indictment alleged each of the twenty offenses occurred on or about December 5, 2017. According to the bill of particulars filed by the State, the first ten counts of the indictment relate to Porter locating images of child pornography on the internet and downloading them to a cellular phone. The remaining ten counts relate to Porter possessing material on the same cellular phone that showed a minor in a state of

nudity. All of the offenses occurred while Porter was an inmate with the Ohio Department of Rehabilitation and Correction incarcerated in the Allen-Oakwood Correctional Institution.

{¶3} Porter initially entered pleas of not guilty to the charges and the matter proceeded to an exchange of discovery and various pre-trial hearings. On May 15, 2020, Porter filed a motion to dismiss the indictment alleging "inexcusable preindictment delay" by the State. In his motion, Porter alleged various facts that were not previously contained in the record and were presumably derived from the State's discovery response.[1] On July 30, 2020, the motion came on for a hearing. After discussing the matter in chambers, neither Porter nor the State presented any testimony, evidence or stipulations of fact. Instead, Porter submitted the matter to the court for consideration based only on his written motion. The State was afforded an opportunity to submit a written argument after which Porter could submit a reply. The State filed its written argument on August 6, 2020. Porter did not file a response. In a well-reasoned opinion filed on September 1, 2020, the trial court denied the motion finding Porter failed to demonstrate that he suffered any actual prejudice by the State's 28-month delay in obtaining the indictment.

{¶4} The case was scheduled for a trial to the court on October 23, 2020. On the day of trial, after opening statements by counsel and just prior to the

---

[1] The State filed its discovery response on April 2, 2020, which indicates multiple items were provided in "eDiscovery." These items, however, were not made a part of the record on appeal.

commencement of testimony, Porter decided to waive his right to a trial and enter pleas of no contest to all twenty counts of the indictment. In exchange for his pleas, the State agreed to make no specific sentencing recommendation. The trial court accepted Porter's pleas, found him guilty of the offenses and continued the matter for sentencing after the preparation of a presentence investigation report.

{¶5} On December 9, 2020, the trial court sentenced Porter to serve an aggregate 21-year prison term and classified him as a Tier II Sex Offender. The court journalized its sentencing orders the next day. It is from this judgment that Porter filed a notice of appeal.

### Assignment of Error

**The trial court erred in denying appellant's motion for dismissal based on pre-indictment delay.**

{¶6} Porter presents the same arguments on appeal as he did before the trial court. He contends his due process rights under both the United States Constitution and the constitution of the State of Ohio were violated by the State waiting almost two and one-half years from December 5, 2017, the time the cell phone was confiscated by prison officials, until March 12, 2020, to file the indictment. Porter claims this delay by the State was unjustified and caused him to suffer actual prejudice and an inability to defend against the accusations. In support of this claim, Porter postulates that the transient nature of inmates being conveyed into and out of the prison made it impossible to identify other users and the actual owner of the

phone. He contends it was impossible to determine whom he could call as a witness and, even if witnesses could be located to aid his defense, the witness's memory would have faded along with the hope for exculpatory testimony at trial.

*Standard of Review & Relevant Law*

{¶7} When considering a decision on a motion to dismiss an indictment for preindictment delay, the reviewing court must afford great deference to the trial court's factual findings while examining legal issues de novo. *State v. Buis*, 2d Dist. Montgomery No. 27778, 2018-Ohio-1727, ¶ 10. *See also State v. Hines*, 3d Dist. Marion No. 9-19-07, 2019-Ohio-5039, ¶ 16.

{¶8} The Sixth Amendment to the United States Constitution guarantees every person charged with a crime the right to a speedy trial. The Sixth Amendment, however, relates only to the time between a person being charged with an offense and the time the individual is brought to trial. In a seminal case on this topic, the Supreme Court of Ohio stated:

> The Sixth Amendment to the United States Constitution guarantees the accused in a criminal prosecution "the right to a speedy and public trial." But on its face, the Sixth Amendment provides no protection to those who have not yet been accused; it does not "require the Government to discover, investigate, and accuse any person within any particular period of time." *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Statutes of limitations provide the ultimate time limit within which the government must prosecute a defendant—a definite point "beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *Id*. at 322. *See also United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) (stating that

> statutes of limitations provide predictable limits to prevent initiation of overly stale charges). But when unjustifiable preindictment delay causes actual prejudice to a defendant's right to a fair trial despite the state's initiation of prosecution within the statutorily defined limitations period, the Due Process Clause affords the defendant additional protection. *Id.*

*State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, ¶ 11.

{¶9} In *Jones*, the Supreme Court of Ohio reaffirmed its firmly established "burden-shifting framework for analyzing a due-process claim based on preindictment delay. Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Id.* at ¶ 13, citing *State v. Whiting*, 84 Ohio St.3d 215, 217 (1998) and *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 99.

{¶10} Preindictment delay violates due process only when it is unjustifiable and causes actual prejudice. *Jones* at ¶ 12, citing *State v. Luck*, 15 Ohio St.3d 150 (1984), paragraph two of the syllabus. "Unlike a Sixth Amendment speedy-trial claim, no presumption of prejudice arises in the due-process context when a preindictment delay exceeds a particular length of time." *Adams* at ¶ 98, citing *United States v. Schaffer*, 586 F.3d 414, 425 (6th Cir.2009). Unjustifiable delay does not violate due process unless it results in actual prejudice. *Jones* at ¶ 16. "The key is determining whether actual prejudice resulted from the delay." *State v. Dodson*, 3d Dist. Seneca No. 13-10-47, 2012-Ohio-5576, ¶ 6.

{¶11} "Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense." *Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, at ¶ 28, citing *Luck* at 157-158. "'Proof of actual prejudice to the defendant must be specific and non-speculative; the defendant bears the burden of demonstrating the exculpatory value of the evidence of which he was deprived due to the delay.'" *State v. Mapp*, 3d Dist. Union No. 14-10-34, 2011-Ohio-4468, ¶ 42, quoting *State v. Tullis*, 10th Dist. Franklin No. 04AP–333, 2005-Ohio-2205, ¶ 14.

{¶12} To determine the existence of actual prejudice, a reviewing court must employ "'"a delicate judgment"'" and a case-by-case consideration of the particular circumstances." *Jones* at ¶ 20, quoting *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 52. "A court must 'consider the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay.'" *Id.*, quoting *Walls* at ¶ 52.

{¶13} If the defendant demonstrates evidence of faded memories, unavailable witnesses or lost evidence, he might satisfy the actual-prejudice requirement. *State v. Adkins*, 6th Dist. Wood No. WD-16-042, 2018-Ohio-2588, ¶ 13, citing *Jones* at ¶ 21. If the defendant successfully carries the burden of establishing actual prejudice, then the State assumes the burden of producing

-7-

evidence to justify the reason for the delay. *Hines*, 2019-Ohio-5039, at ¶ 15. The first step in reviewing the assignment of error is to consider whether Porter established the existence of actual prejudice. If Porter met his burden, then the review shifts to the State to justify the reason for the delay.

*Analysis*

{¶14} Porter claims the 28-month delay from when the phone was discovered in his cell until the State obtained an indictment prejudiced him because witnesses would be harder to identify and locate. He surmises the contraband phone may have been brought into the institution by a prison employee and passed among the inmates before he gained possession. He contends there is no means of identifying these inmates due to the delay. He further alleges the witnesses' memories regarding the phone will have faded and exculpatory evidence may have been lost.

{¶15} At the hearing on his motion to dismiss, Porter presented no evidence to demonstrate his claimed inability to identify and locate potential defense witnesses. There was no attempt to have officials from the Ohio Department of Rehabilitation and Correction testify regarding the unavailability of current or former inmates who may have been housed with Porter. Nor did Porter provide any synopsis of the testimony he expected the unavailable witnesses to present at trial. While Porter is not required to articulate specifically what the testimony of a missing

witness would have been, he is required to provide an explanation of what exculpatory testimony the witness might have offered. *Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, at ¶ 28, citing *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, at ¶ 103.

{¶16} Further, Porter's argument that the delay may have dimmed the witnesses' recollection of events is also unfounded. "The '*possibility* that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice.'" (Emphasis sic.) *Jones* at ¶ 21, quoting *Adams* at ¶ 105. "Those are 'the real possibilit[ies] of prejudice inherent in any extended delay,' and statutes of limitations sufficiently protect against them." *Id.*, quoting *Marion*, 404 U.S. at 326. The absence of a potential witness resulting from a lengthy preindictment period can constitute prejudice, but only if the defendant can identify the exculpatory evidence that was lost and show that the exculpatory evidence could not be obtained by other means. *Adams* at ¶ 103. Porter's arguments are speculative at best and speculation does not satisfy the defendant's burden. *Jones* at ¶ 20.

*Conclusion*

{¶17} Like the trial court, we conclude Porter has failed to demonstrate an inability to identify potential witnesses or explain what exculpatory testimony they might have offered and thus has not established actual prejudice. Consequently, the

burden never shifted to the State to demonstrate the delay was justifiable. Porter's assignment of error is overruled.

**{¶18}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI, P.J., and SHAW, J., concur.**

**/jlr**